**UNITED STATES of America, Appellee,**

v.

**John O. GONSALVES, Defendant, Appellant.**

**No. 83–1562.**

United States Court of Appeals, First Circuit.

Argued April 3, 1984.

Decided June 7, 1984.

Carolyn M. Conway, Boston, Mass., with whom DiMento & Sullivan, Boston, Mass., was on brief, for defendant, appellant.

James E. O'Neil, Asst. U.S. Atty., Boston, Mass., with whom Lincoln C. Almond, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN and BREYER, Circuit Judges, and BONSAL,* Senior District Judge.

COFFIN, Circuit Judge.

John Gonsalves appeals from a conviction for conspiring to destroy real and personal property by means of an explosive. Gonsalves contends that the delay in bringing him to trial violated his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. Specifically, Gonsalves contends that the district court, in denying Gonsalves' motion to dismiss under the Speedy Trial Act, erred in excluding the time between January 15, 1982, when the district court decided all but four of the then-pending pretrial motions filed by Gonsalves and his codefendant, David Cascioli, and March 19, 1982, when the district court granted the government's motion to dismiss the original indictment without prejudice. Following reindictment on September 30, 1982, and severance of codefendant Cascioli, Gonsalves was convicted. If we find the time between January 15, 1982, and March 19, 1982, to be excludable for Speedy Trial Act purposes, then the parties appear to agree that Gonsalves was tried within the 70-day limit mandated by the Act. 18 U.S.C. § 3161(c)(1).

Gonsalves and Cascioli were first indicted on October 23, 1981, and were arraigned three days later. On November 16, 1981, Gonsalves filed a series of motions on various matters. On November 27, 1981, he filed a motion to suppress his written and oral statements. On December 21, 1981, the district court decided all of Gonsalves' motions but the suppression motion. This motion remained undecided when the court dismissed the first indictment on March 19, 1982. But significant activity transpired during the interim.

* Of the Southern District of New York, sitting by designation.

On December 11, 1981, Cascioli filed an array of motions, including a motion for severance and a motion to suppress all written and oral statements made by him. On December 23, 1981, Cascioli filed additional pretrial motions. He filed another motion for severance, which was identical to his December 11 motion except that the new motion requested oral argument. He filed another motion to suppress, adding to his December 11 motion a request to suppress items of personal property seized by the government. He also sought oral argument on this motion. In his third motion filed on December 23, 1981, Cascioli moved to dismiss Count II (the conspiracy count) of the indictment as legally deficient for its improper inclusion of acts of concealment that had occurred after the principal objects of the conspiracy had been accomplished. The government filed its objections to Cascioli's December 23 motions on January 7, 1982. On January 15, 1982, the district court disposed of all of Cascioli's pretrial motions with the exception of the motions to suppress and to dismiss and the motion for severance. At that time Gonsalves' motion to suppress was also pending. This motion along with Cascioli's three motions remained pending on March 19, 1982, when the district court granted the government's motion to dismiss.

Section 3161(h)(1)(F) of the Act provides that in computing the time in which a trial must commence the court shall exclude "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion". This court recently held in *United States v. Mitchell*, 723 F.2d 1040, 1047 (1st Cir.1983), that § 3161(h)(1)(F) "permits only such delay as is *reasonably necessary* from the time of filing a pretrial motion to the time of concluding a hearing on it or completing submission of the matter to the court for decision" (emphasis added). Gonsalves claims that the district court exceeded the time that was "reasonably necessary" for the disposal of Gonsalves' motion filed November 27 and Cascioli's three motions filed December 23. Gonsalves contends that the court could have decided these motions when the court disposed of the bulk of Cascioli's motions on January 15, 1982, and that further delay of more than two months without disposition or a hearing was inexcusable. Gonsalves maintains that the government and the district court have slipped through the statutory loophole that this court had endeavored to close in *Mitchell*.

Although all proceedings in the district court in this case transpired prior to *Mitchell*, the district court anticipated *Mitchell* in ruling that § 3161(h)(1)(F) and the relevant provision of the local plan for implementing the Speedy Trial Act were "subject to the implicit qualification that the period of excludable delay shall be limited to the period attributable to the Court's holding a reasonably prompt hearing".

In denying Gonsalves' speedy trial motion, the district court found that Cascioli's motions to dismiss and to suppress were sufficiently complicated that they could not have been decided without a hearing. The court stated that it did not hold a hearing on these motions because the government moved to dismiss the indictment without prejudice before the court had an opportunity to hear the motions. The court concluded, "Given the dispositive nature of a motion to dismiss, consideration of defendant's pretrial motions prior to resolution of the Government's motions would have wasted the Court's limited resources".

The court's reference to the government's "motions" (plural) is significant. In explaining the delay from January 15, 1982, to March 19, 1982, the court could not have been referring to the government's March 17 motion, which the court granted two days later, because the pendency of that motion would account for little of the contested delay. Rather, the court apparently had in mind the government's maladroit attempts in February to have the indictment dismissed. The transcript of a hearing held on May 10, 1982, on defendant's motion to vacate the March 19 order of dismissal contains a reference by defense counsel to a hearing held in February

at which the court had ordered "the Government to set out within a week the reasons for the dismissal". The February hearing, which has not been memorialized in either a docket entry or a transcript, apparently focused on a government oral motion to dismiss.[1] The docket sheets indicate that the government attorney did not meet his one-week deadline for filing reasons for dismissal. He did not file another motion to dismiss until March 17, 1982.

We need not, and do not, rely on documents in the government's "Supplemental Record Appendix", which contains undocketed ex parte submissions to the court, undocketed letters between counsel, and handwritten notes from the notebook of the district court's deputy clerk. These documents do not appear in the district court's case file, and they are not part of the record on appeal. We therefore disregard them. *See* Fed.R.App.P. 10(a); *Rosen v. Lawson-Hemphill, Inc.*, 549 F.2d 205, 206 (1st Cir.1976); *United States v. Jalbert*, 504 F.2d 892, 895 (1st Cir.1974). If in February the government attorney had followed appropriate procedures for filing written motions, he would not have had to go to the unusual lengths of filing a supplemental record appendix containing documents not properly before this court.

But the record before us nonetheless contains sufficient information for us to hold that the district court has adequately explained why the delay in processing defendants' motions were "reasonably necessary". Substantial deference to a district court's explanation for delay under the "reasonably necessary" time rule established in *Mitchell* furthers *Mitchell*'s purpose of providing district courts with "the flexibility required to handle pretrial motions in complex and multidefendant cases and still maintain the objectives and intent of the Act". *United States v. Mitchell*, 723 F.2d at 1048; *cf. United States v. Mers*, 701 F.2d 1321, 1338 (11th

Cir.) (leaving determination under 18 U.S.C. § 3161(h)(1)(J) of the reasonableness of delay attributable to a motion under advisement "to the sound discretion of the trial judge"), *cert. denied,* —— U.S. ——, ——, 104 S.Ct. 481, 482, 78 L.Ed.2d 679 (1983).

*Affirmed.*

---

1. The hearing could not have concerned a written motion, because no written motion to dismiss had been filed with the court or served on the defendants. Fed.R.Crim.P. 49(a) (written motions not heard ex parte must be served); *id.* 49(d) (papers required to be served must be filed with court).