In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1058

United States of America,

Plaintiff-Appellee,

v.

Libia Elizalde-Adame,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 227--David H. Coar, Judge.

Argued June 8, 2001--Decided August 13, 2001


   Before Bauer, Easterbrook, and Kanne,
Circuit Judges.

   Bauer, Circuit Judge.

BACKGROUND

   On March 31, 1999, federal agents with
the Immigration and Naturalization
Service ("INS") arrested Libia Elizalde-
Adame at an apartment in Chicago where
she made counterfeit immigration
documents. Acting on a tip from a
reliable informant, the agents went to
the apartment building and knocked on
Elizalde-Adame's door. Elizalde-Adame
asked, in Spanish, who was there. One of
the agents responded in Spanish that she
was her new neighbor. Elizalde-Adame then
opened the door part way, at which time
the agents saw equipment and other items
associated with the manufacture of
counterfeit immigration documents inside
the apartment. The agents then displayed
their badges and told Elizalde-Adame that
she was under arrest. While Elizalde-
Adame was still standing inside her
apartment, one of the agents told her to
put her hands on the wall and to separate
her feet, and she complied. The agents
then entered Elizalde-Adame's apartment
without her consent and searched her. The
parties dispute whether the agents gave
Elizalde-Adame Miranda warnings before or
after entering the apartment.
Nevertheless, Elizalde-Adame eventually

signed a Miranda waiver form, after which she admitted that she was in the country illegally and that she had been producing the documents for a young male throughout the month preceding the arrest. She then gave the agents consent to search the apartment, whereupon they discovered incriminating equipment and documents.

After waiving her right to be charged by indictment, Elizalde-Adame was charged by information with production of false identification documents in violation of 18 U.S.C. sec. 1028. She was granted leave by the court to file a motion to quash the arrest and to suppress the evidence obtained following the arrest. After conducting an evidentiary hearing (during which Elizalde-Adame and the arresting agents testified regarding the circumstances of the arrest), and after receiving briefs on the issue of warrantless entry into a home to complete an arrest, the district court denied Eli zalde-Adame's motion to suppress.

Subsequently, Elizalde-Adame signed a plea agreement and entered a plea of guilty before the district court. Neither in the plea agreement nor during the plea colloquy did Elizalde-Adame condition her plea on the right to appeal the denial of her suppression motion. At the sentencing hearing, the district court adjusted Elizalde-Adame's criminal history category from I to III on the basis of a prior misdemeanor supervision and determined that she did not merit a sentence reduction for acceptance of responsibility. After denying Elizalde-Adame's motion for a downward departure based upon extraordinary familial responsibility, the district court sentenced her to 41 months in prison. Elizalde-Adame appeals the district court's denial of her motion to suppress.

DISCUSSION

Before we address the merits of Elizalde-Adame's appeal, we must determine whether it is properly before us. Elizalde-Adame pled guilty unconditionally, and the district court accepted her plea. As the government notes, an unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea, including Fourth Amendment claims like the one raised here. See United States v. Galbraith, 200 F.3d 1006, 1010 (7th Cir.

2000); United States v. Cain, 155 F.3d 840, 842 (7th Cir. 1998). Fed. R. Crim. P. 11(a)(2) provides that a defendant may enter a conditional plea of guilty "with the approval of the court and the consent of the government, . . . reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion." However, in order to preserve an issue for appeal by means of a conditional plea, "the plea must precisely identify the pretrial issues which the defendant wishes to preserve for review," Cain, 155 F.3d at 842, and the defendant must obtain both the approval of the district court and the "unequivocal acquiescence" of the government. See United States v. Markling, 7 F.3d 1309, 1312 (7th Cir. 1993); United States v. Yasak, 884 F.2d 996, 999 (7th Cir. 1989). Whether or not Elizalde-Adame intended to reserve her right to appeal the motion to suppress, she did not observe these requirements. By its terms, the written plea agreement that she signed is unconditional. And, as we have noted, Elizalde-Adame never expressly requested during the plea hearing to enter a conditional guilty plea or to reserve her right to appeal the denial of the suppression motion. Further, neither the district court nor the government ever assented to the entry of a conditional plea.

While we have ruled that the writing requirement of Fed. R. Crim. P. 11(a)(2) is not jurisdictional and have therefore upheld the validity of conditional pleas absent a writing in certain limited circumstances, those circumstances are not present here. We have found a valid conditional plea without a written plea agreement where: (1) the government did not challenge the defendant's characterization of his plea as conditional or his right to bring a particular appeal; (2) something in the record (for example, the transcript of the plea hearing or correspondence between the government's and the defendant's attorneys) plainly showed that the government had agreed to a conditional plea and that the district court had accepted it; and (3) we felt assured that our decision on the matter appealed would dispose of the case. See Markling, 7 F.3d at 1313; Yasak, 884 F.2d at 999-1000. Here, however, we are

confronted not merely with the absence of a written conditional plea, but with the presence of a written unconditional plea. Moreover, the government vigorously disputes Elizalde-Adame's characterization of her plea as conditional and denies that she has the right to bring the instant appeal. Finally, nothing in the record demonstrates that the district court accepted a conditional plea, or that the government either approved of a conditional plea or expressly waived its right to argue that such a plea must be made in writing. The unconditional plea agreement itself states that "[d]efendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty," R. 32, para. 17, and also that "defendant understands that she is waiving all appellate issues that might have been available if she had exercised her right to trial." Id. at para. 11. During the plea hearing, the court asked Elizalde-Adame if she had read the plea agreement before signing it and if she had discussed the plea agreement with her attorney, and she answered yes to both questions. Moreover, nothing in the plea hearing transcript indicates that either the district court or the government accepted a conditional plea. In arguing to the contrary, Elizalde-Adame notes that at one point during the plea hearing the district court asked the Assistant United States Attorney ("AUSA"), "is there a waiver of appellate rights?," and the AUSA responded, "[t]here is not, Your Honor." However, when read in context, it is clear that the district court was asking whether the plea agreement provided for a waiver of Elizalde-Adame's right to appeal her sentence, and nothing in the above exchange even remotely suggests that either the court or the government thought that Elizalde-Adame was preserving her right to appeal the suppression motion, or that the government was waiving any of the requirements of sec. 11(a)(2). Thus, we find that Elizalde-Adame's plea was unequivocally unconditional, and that we therefore lack jurisdiction to hear this appeal.

One final issue merits brief comment. In

her reply brief, Elizalde-Adame argues that the government should be estopped from challenging the validity of her "conditional plea" because it led her to believe both during and after the plea negotiations that her plea would not constitute a waiver of her right to appeal the suppression issue. She also argues that due process principles require the government to "adhere to its commitment" after it "induced" her to "surrender her constitutional rights." Whatever the merits of these arguments, there are two good reasons why we should not address them. First, Elizalde-Adame raises the arguments for the first time in her reply brief, and we ordinarily do not consider such arguments. See United States v. Suter, 755 F.2d 523, 527 (7th Cir. 1985). Second, even if we were to overlook this, we still could not consider the claims because they are based on factual material outside of the record which was never presented to the district court. See United States v. Phillips, 914 F.2d 835, 840 (7th Cir. 1990); United States v. Gonsalves, 735 F.2d 638, 641 (7th Cir. 1984); United States v. Gaertner, 583 F.2d 308, 312 (7th Cir. 1978). Elizalde-Adame moved under Fed. R. App. P. 10(e) to supplement the record with letters exchanged between her attorney and the attorney for the government during plea negotiations which discussed the preservation of her right to appeal the suppression motion. The district court denied the motion, correctly noting that Rule 10(e) does not allow a party to add materials to the record on appeal which were not before the district court. See United States v. Alcantar, 83 F.3d 185, 191 (7th Cir. 1996); United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir. 1987). Elizalde-Adame then made the same motion to this Court, and met with the same result. The purpose of rule 10(e) is to ensure that the record on appeal accurately reflects the proceedings in the trial court (thereby allowing us to review the decision that the trial court made in light of the information that was actually before it), not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment. Therefore, because they rely on undocketed material, we cannot consider Elizalde-Adame's due process and estoppel claims.

## CONCLUSION

Because Elizalde-Adame did not reserve the right to appeal the denial of her motion to suppress when she pled guilty, we lack jurisdiction to hear this appeal. Therefore, we DISMISS the appeal.