**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph LOMBARDO, Defendant–
Appellant.**

**No. 01–2109.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 2001.
Decided Nov. 21, 2001.

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Joseph Lombardo pleaded guilty pursuant to a written plea agreement to ten counts of armed bank robbery, 18 U.S.C. § 2113(a), (d), and two counts of using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1). He was sentenced to a total term of 360 months' imprisonment. Lombardo filed a notice of appeal, but his newly appointed appellate counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Lombardo has filed a response to counsel's motion and a "Motion to Remand," which we have construed as a supplemental response. After reviewing the issues discussed by both counsel and Lombardo, we agree with counsel that there are no nonfrivolous grounds for appeal.

Counsel first considers whether Lombardo could contest the validity of his pleas. In his response Lombardo specifically contends that his pleas were involuntary because his trial counsel and the prosecutor coerced him into pleading guilty. We have reviewed the transcript from the plea colloquy and are confident that Lombardo's pleas were knowing and voluntary. The district court determined that Lombardo was competent to enter a plea and advised him of the nature of the charges against him, the possible penalties, and the various rights he would waive by pleading guilty. The district court further questioned Lombardo to ensure that he was not forced or coerced into pleading guilty, and Lombardo represented to the court that he had not been. We presume that representation to be truthful. *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir.2000). The district court also determined that an adequate factual basis for Lombardo's pleas existed. Here, the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure, and therefore we agree with counsel that an appeal based on the validity of Lombardo's pleas would be frivolous.

Counsel next assesses whether Lombardo could raise a nonfrivolous challenge to his sentence. As counsel correctly observes, however, Lombardo did not file any objections to the presentence report and at the sentencing hearing represented to the court through counsel that he had no objections to that report. Lombardo therefore has waived the right to challenge his sentence on appeal. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000).

Both counsel and Lombardo consider whether Lombardo could argue that his trial counsel rendered ineffective assistance. We agree with counsel that the evidence in the record does not support an ineffective assistance claim and that ultimately such a claim would depend on facts outside the record. Accordingly, this claim would more appropriately be raised in a motion under 28 U.S.C. § 2255. *United States v. Hamzat*, 217 F.3d 494, 501 (7th Cir.2000).

In his response Lombardo also raises a number of challenges to events occurring prior to his guilty pleas. For instance, he contends that his confession to eight of the bank robberies during a custodial interrogation was involuntary. In the plea agreement, however, Lombardo acknowledged that by pleading guilty he was waiving any

claims that he could have raised via pretrial motion, and all the claims Lombardo discusses in his response could have been raised in a pretrial motion. Even ignoring the written waiver, Lombardo's unconditional pleas constitute a waiver of all non-jurisdictional defects occurring prior to the pleas. *United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir.2001); *United States v. Behrman,* 235 F.3d 1049, 1052 (7th Cir.2000).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.