**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James D. BENTON, Defendant–
Appellant.**

**No. 01–1801.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 14, 2001.

Decided Dec. 14, 2001.

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

### ORDER

James Benton pleaded guilty to two counts of possession of crack with intent to distribute, 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and was sentenced to two 262–month terms and one 120–month term of imprisonment, all to run concurrently. Benton has filed a notice of appeal, but his attorney, unable to identify a nonfrivolous argument, has moved to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our review is limited to the potential issues raised in counsel's facially adequate *Anders* brief, Benton's response filed pursuant to Circuit Rule 51(b), and related portions of the record. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

■ Counsel first considers whether Benton might challenge the district court's denial of his motion to suppress the evidence that led to the gun charge and one of the drug charges, but observes that Benton's plea agreement includes a waiver of "any claims he may have raised in any pretrial motion." Indeed, Benton's unconditional guilty plea itself constitutes a waiver of all prior nonjurisdictional defects, including Fourth Amendment claims. *See, e.g., United States v. Elizalde–Adame*,

262 F.3d 637, 639 (7th Cir.2001). Accordingly, we agree with counsel that this potential argument would be frivolous.

■ Counsel next examines whether Benton might challenge the validity of his guilty plea but concludes that this argument, too, would be frivolous. The district court informed Benton that by pleading guilty he waived his right to a jury trial at which he could call and cross-examine witnesses, and testify if he so chose. *See* Fed.R.Crim.P. 11(c)(3). The court further questioned whether Benton's plea was the result of threats or promises aside from those contained in his plea agreement, *see* Fed.R.Crim.P. 11(d); Benton's negative response, given under oath, is presumed truthful, *see Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir.2000). Though the court did not specifically review with Benton the portion of the plea agreement in which he waived his right to appeal his sentence, the waiver was set out clearly in the plea agreement that Benton testified to signing. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001) (defendant cannot show he would have pleaded guilty absent omission from Rule 11 colloquy where plea agreement includes missing information), *petition for cert. filed*, —— U.S.L.W. —— (U.S. May 16, 2001) (No. 00–10033). In addition, counsel notes, the court informed Benton of all applicable penalties, *see* Fed.R.Crim.P. 11(c)(1), and satisfied Rule 11(f)'s requirement of a factual basis for the plea by eliciting a proffer from the government. *See United States v. Ivory*, 11 F.3d 1411, 1415 (7th Cir.1993) (government proffer may serve as factual basis). More importantly, Benton has given no hint that he wants to withdraw his plea. Accordingly, we agree with counsel that any challenge to the validity of Benton's plea would be frivolous.

Finally, Benton suggests an ineffectiveness argument based on his attorney's fail-

ure to raise certain sentencing arguments. We are generally reluctant to address such claims on direct appeal because they require consideration of evidence outside the record, *see, e.g., United States v. Pergler,* 233 F.3d 1005, 1009 (7th Cir.2000), and would make no exception here.

Accordingly, counsel's Motion to Withdraw is GRANTED and the appeal is DISMISSED.