**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter LOCKRIDGE, Defendant– Appellant.**

**No. 02–2954.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 2003.

Decided Feb. 11, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

Walter Lockridge pleaded guilty to possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 180 months' imprisonment as an armed career criminal, *see* 18 U.S.C. § 924(e). Lockridge filed a notice of appeal, but his attorney, unable to discern a nonfrivolous issue for appeal, has moved to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because Lockridge declined our invitation to file a response, *see* Circuit Rule 51(b), we limit our review of the record to the potential issues identified in counsel's facially-adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We agree that those potential issues are frivolous

and thus grant counsel's motion to withdraw and dismiss the appeal.

Counsel first questions whether Lockridge might argue that his guilty plea was not knowing and voluntary, but concludes that such an argument would be frivolous because the district court complied with Federal Rule of Criminal Procedure 11. We have explained, however, that appellate counsel should not discuss this issue in an *Anders* brief unless the defendant wants to withdraw his guilty plea. *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Because Lockridge has not expressed an interest in withdrawing his plea, an appeal on this issue would be frivolous.

Counsel next examines whether Lockridge may raise a nonfrivolous challenge to his prison sentence, but concludes that Lockridge's criminal record easily qualified him as an armed career criminal and that he was sentenced within the applicable guideline range. After reviewing the record, including Lockridge's criminal history of armed robberies and serious drug offenses, we agree with counsel that any challenge to Lockridge's prison sentence would be frivolous.

Finally, counsel considers whether Lockridge may challenge the district court's denial of his motion to suppress evidence allegedly obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We agree with counsel that this argument would be frivolous because, by unconditionally pleading guilty, Lockridge waived all non-jurisdictional errors occurring prior to his plea. *See United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir.2001).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.