**Libia ELIZALDE–ADAME,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 02–3516.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 12, 2003.[*]

Decided Feb. 19, 2003.

Before BAUER, EASTERBROOK, and KANNE, Circuit Judges.

Order

Libia Elizalde–Adame pleaded guilty to making counterfeit identification documents, see 18 U.S.C. § 1028, and on appeal asked us to reverse the conviction on the ground that evidence had been obtained in an unlawful search. We held that her unconditional guilty plea forecloses such an argument. 262 F.3d 637 (2001). Elizalde–Adame then commenced a collateral attack under 28 U.S.C. § 2255, contending that her lawyer's failure to ensure that she entered a conditional plea reserving a right to appeal the denial of her motion to suppress, see Fed.R.Crim.P. 11(a)(2), constituted ineffective assistance of counsel. She appeals from the district court's order

---

[*] This successive appeal has been submitted to the panel that resolved Elizalde–Adame's prior appeal. See Operating Procedure 6(b). The panel has concluded that oral argument is unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).

denying this petition. 2002 U.S. Dist. Lexis 10675 (N.D. Ill. June 12, 2002).

No lawyer, no matter how diligent, can *ensure* that a guilty plea reserves the right to appeal some antecedent decision. Conditional pleas under Rule 11(a)(2) require the consent of both the judge and the prosecutor, and the prosecutor may demand concessions, for a conditional plea continues the litigation. What Elizalde–Adame wants–the same favorable terms received in the actual plea bargain, plus the option of winning on appeal–may not have been available.

At all events, it is not enough to show that counsel rendered sub-par advice. Proof of prejudice also is required. See *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We held in *Holman v. Page,* 95 F.3d 481 (7th Cir.1996), that counsel's failure to secure the suppression of reliable, relevant evidence *never* amounts to "prejudice" for purposes of *Strickland;* such evidence makes the resolution more rather than less reliable. That is to say, the "prejudice" component of *Strickland* is designed to identify situations in which lawyers' deficiencies create an unacceptable risk of convicting the innocent. The exclusionary rule is not an innocence-protection device; it serves other social goals. This is why the Supreme Court held in *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), that exclusionary-rule claims may not be raised on collateral attack, if the judiciary furnished an opportunity to litigate them earlier. See also, e.g., *Hampton v. Wyant,* 296 F.3d 560 (7th Cir.2002). *Holman* establishes that *Stone* may not be evaded, and the propriety of a search litigated on collateral review, through the expedient of blaming the lawyer. That is, however, exactly what Elizalde–Adame seeks to do.

On the authority of *Stone* and *Holman,* the judgment is

AFFIRMED.