UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael COLELLA, Defendant–
Appellant.

No. 02–1985.

United States Court of Appeals,
Seventh Circuit.

Submitted March 11, 2003.

Decided March 12, 2003.

Before EASTERBROOK, ROVNER,
and EVANS, Circuit Judges.

## ORDER

Having organized and operated a scheme to obtain fraudulent refunds from K–Mart (where he worked as a security guard), Michael Colella pleaded guilty to wire fraud and was sentenced to 24 months' imprisonment and ordered to pay restitution of $31,117.74. Colella's appointed counsel has now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that he is unable to identify a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Colella was notified that he could respond to the *Anders* brief, but he did not do so. Since counsel's *Anders* brief is facially adequate, we review only the potential issues it identifies. *See United States v. Johnson*, 248 F.3d 655, 667–68 (7th Cir.2001) (citing *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam)).

■ Counsel first examines whether Colella could make a nonfrivolous argument challenging his conviction. Counsel observes that Colella's unconditional guilty plea waived all nonjurisdictional defects in the proceedings leading to the plea, *see United States v. Elizalde–Adame*, 262 F.3d 637, 639 (7th Cir.2001), and that the only potential issue would therefore be whether that plea was knowing and voluntary. Although counsel has identified two technical errors at Colella's change-of-plea colloquy, he notes that Colella has nevertheless indicated that he does not wish to withdraw his plea. Following the guidance of *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir.2002), counsel appropriately concludes that the knowing and voluntary character of Colella's guilty plea is not a potential issue for appeal or consideration in an *Anders* brief.

■ Counsel next considers whether Colella could challenge his prison sentence. Colella's offense level was determined to be 16, which provided for a range of 21–27 months imprisonment. This offense level was based in part on the probation officer's conclusion, which was based in turn on statements from Colella's co-conspirators, that Colella was an organizer or leader of a criminal activity involving five or more participants, which resulted in a four-level increase. Although Colella denied organizational involvement, counsel correctly observes that mere denial of the factual accuracy of a presentence report, without controverting evidence, is insufficient to call into question the court's reliance on that report. *See United States v. Simmons*, 218 F.3d 692, 695 (7th Cir.2000).

■ Counsel also asks whether Colella could challenge the district court's denial of a three-level reduction for acceptance of responsibility. A district court may deny such a reduction where a defendant pleads guilty but attempts to minimize his role in the offense. *See United States v. Arambula*, 238 F.3d 865, 871 (7th Cir. 2001). Although Colella pleaded guilty, he attempted to minimize his involvement in the fraudulent refund scheme by claiming—contrary to what the court ultimately determined—that other participants had initially approached him and that he had merely gone along with their plan. Counsel correctly concludes, therefore, that Colella cannot reasonably challenge the district court's refusal to grant him an acceptance-of-responsibility reduction.

■ Finally, counsel notes Colella's desire to claim ineffective assistance of counsel based on various failures of his earlier counsel: his failure to contest the amount of loss for which Colella was held responsible, his failure to present evidence concerning Colella's role in the offense, his failure to move for downward departure based on aberrant behavior, his failure to maintain previous defense counsel's factual

objections to the PSR, and his failure to invest adequate time and research into Colella's case. Unless the record is sufficiently developed, however, we generally do not hear such claims on direct appeal. *See United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002). We agree with counsel that the record does not contain sufficient evidence to establish either the viability of the measures foregone by Colella's earlier counsel or the amount of time and research counsel expended on the case. We therefore agree that there are no non-frivolous issues to be raised on direct appeal with regard to earlier counsel's performance.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.