**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Barbara WILLEUMIER, Defendant–
Appellant.**

No. 03–4067.

United States Court of Appeals,
Seventh Circuit.

Submitted May 25, 2004.

Decided May 26, 2004.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

■ Barbara Willeumier pleaded guilty to mail fraud, 18 U.S.C. § 1341. She was sentenced to 15 months' imprisonment and two years' supervised release, and was ordered to pay $192,500 in restitution. Willeumier filed a notice of appeal, but her appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We notified Willeumier of her counsel's motion, *see* Cir. R. 51(b), but she did not respond. Counsel's brief is facially adequate, so we confine our review to the potential issues discussed in that brief. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that Willeumier's potential issues for appeal are frivolous, and accordingly, grant counsel's motion to withdraw and dismiss Willeumier's appeal.

The factual basis presented during Willeumier's change-of-plea colloquy, which she admitted was true, demonstrates the following. In 1997 Willeumier established a limited partnership, Astor Associates, that she managed as the sole general partner. She then solicited money from five friends for the purpose of purchasing and renovating two pieces of property in downtown Chicago. At least one of the Willeumier's investors mailed a check for $9,000 to the business address of Astor Associates. After receiving approximately $192,500, Willeumier transferred a substantial portion of the money to her personal bank account and used the money to pay personal expenses. Willeumier falsely represented to her investors that she had purchased the two properties and was beginning the renovations, when in reality she had never purchased either property.

Willeumier initially was charged with four counts of fraud, but the government dismissed three of them when she agreed to plead guilty to one count of mail fraud. At sentencing the district court increased Willeumier's offense level by two upon finding that she had abused a position of trust, U.S.S.G. § 3B1.3. The court, however, denied Willeumier's request for a downward departure on the grounds that her conduct was "aberrational" and that her conviction had greatly impacted her personal life and would destroy her chances for future employment.

■ Counsel first considers whether Willeumier could assert that defects in the indictment render her guilty plea void. Counsel correctly recognizes that this potential argument is frivolous; defects in an indictment do not deprive a district court of jurisdiction over the case, *United States*

*v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), and Willeumier waived any non-jurisdictional challenges to the indictment by failing to present them in the district court, *United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir. 2001).

Counsel next considers whether Willeumier could challenge the validity of her guilty plea. Counsel represents that Willeumier has never indicated that she wants her guilty plea set aside, and we have held that an attorney should not even explore the possibility of a defective plea colloquy in an *Anders* submission unless he knows that the defendant wants to withdraw her plea. *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Therefore we will not address the matter further.

Counsel then considers whether Willeumier might argue that the court incorrectly applied the two-level adjustment under § 3B1.3 for abuse of a position of trust, a decision that we would review for clear error. *See United States v. Snook,* 366 F.3d 439, 444–45 (7th Cir.2004). To impose the adjustment, the district court must first find that the defendant occupied a position of trust, and then conclude that the defendant's abuse of that position significantly facilitated the crime. *Id.*

Willeumier used her personal relationship with a long-time friend, Stanley Johnson, to convince him that he should invest his money in her scheme. *See United States v. Mabrook,* 301 F.3d 503, 510 (7th Cir.2002) (finding that defendant's close personal relationship with one of his investors created a position of trust); *United States v. Burke,* 125 F.3d 401, 406 (7th Cir.1997). Willeumier also assumed a fiduciary duty to her investors because she used the guise of a partnership to facilitate her crime. *See United States v. Tiojanco,* 286 F.3d 1019, 1021 (7th Cir.2002). The district court reasonably relied on this evidence to conclude that Willeumier occupied a position of trust, and thus it would be frivolous to dispute the district court's conclusion that Willeumier's position of trust significantly facilitated the fraudulent scheme.

Finally, counsel considers whether Willeumier could argue she was entitled to a downward departure based on several factors. Counsel correctly notes, however, that we would be without jurisdiction to review the district court's refusal to grant a downward departure because such a refusal is reviewable only if the district court did not comprehend its authority to depart. *United States v. Johnson,* 289 F.3d 1034, 1043 (7th Cir.2002). Counsel concedes that was not the situation here, and we agree.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.