**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph M. STABILE, Defendant–Appellant.**

No. 03–2154.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 1, 2005.*

Decided Feb. 2, 2005.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Sharon Jackson, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Joseph M. Stabile, Ajai, CA, for Defendant–Appellant.

Before MANION, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Joseph Stabile pleaded guilty to one count of wire fraud, 18 U.S.C. § 1343, and one count of assisting in the preparation of a false tax return, 26 U.S.C. § 7206(2). The district court sentenced Stabile to concurrent 27–month terms of incarceration, three years of supervised release, and $98,000 in restitution. We affirm the judgment.

Stabile waived indictment and pleaded guilty to an information. He admitted inducing an Indiana resident to invest $98,000 in a defunct company; some of the money was wired from the victim's bank in Vincennes, Indiana to a bank in Florida where Stabile maintained an account. Stabile used the victim's money for his own personal expenses and gifts to his girlfriend, and diverted some to his son, a college student at the time. Stabile also admitted that each year from 1994 to 1997 he assisted in the preparation of federal income tax returns for his son that falsely reported wages and tax withholdings; those returns claimed refunds of the fictitious tax payments along with earned income credits and netted the son $18,611. By the time he was sentenced in April 2003, Stabile had been in custody for almost seven months, and during the pendency of this appeal he completed his period of imprisonment.

Stabile, who is pro se, leads off with two patently frivolous contentions. Like others before him, he argues that the district court lacked jurisdiction over his prosecution because, he contends, jurisdiction over federal crimes arises only under the court's admiralty powers and regardless does not extend to offenses committed on lands not owned or controlled by the federal government. But in *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999), we held that "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to the federal courts," and we have recognized in a long line of cases that challenges to the territorial jurisdiction of the district courts are frivolous, *e.g.*, *United States v. Banks–Giombetti*, 245 F.3d 949, 953 (7th Cir.2001). Moreover, we recently dismissed a contention very much like Stabile's that the wire fraud statute is an unconstitutional exercise of Congressional power. *See United States v. Hausmann*, 345 F.3d 952, 958 n. 4 (7th Cir.2003) (holding that Congress' power to regulate the use of interstate wire communications systems is authorized in the text of the Constitution itself—in Article I, Section 8, Clause 7).

Stabile also argues that his tax fraud conviction should be vacated because the venue of prosecution was improper. Questions of venue, though, are not jurisdictional, *see, e.g.*, *Moore v. Olson*, 368 F.3d 757, 760 (7th Cir.2004), and so they fall squarely within the rule that non-jurisdictional defects are waived by a guilty plea, *see United States v. Rogers*, 387 F.3d 925, 932

858

(7th Cir.2004); *United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir.2001); *see also United States v. Brown,* 583 F.2d 915, 918 (7th Cir.1978) (holding that a defendant who pleads guilty waives "venue protection under Article III and the Sixth Amendment").

Stabile's remaining contentions—including a constitutional challenge to the institution of supervised release; a charge that the government breached an agreement to transfer his case to the Central District of California pursuant to Federal Rule of Criminal Procedure 20; an allegation that the government suppressed information contradicting its claim that Stabile willfully failed to appear for a court date during pretrial proceedings; a challenge based on the lack of an "interstate nexus" for the wire fraud charge; and the merest of allusions to the Supreme Court's decision in *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)—are all waived for lack of development in the initial appellate brief, although some of them were developed further elsewhere. *See Duncan v. State of Wis. Dep't of Health and Family Servs.,* 166 F.3d 930, 934 (7th Cir.1999) (holding that all arguments not developed in a party's opening brief will be deemed waived or abandoned); *Elizalde–Adame,* 262 F.3d at 640 (holding that arguments raised for the first time in the reply brief are waived). We, of course, construe the briefs of pro se defendants liberally, *see United States v. Atkinson,* 259 F.3d 648, 654 (7th Cir.2001), but we will not search the record and craft Stabile's arguments for him.

AFFIRMED.