**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 4, 2006
Decided January 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1268

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | |
| MIGUEL VILLALOBOS-SANDOVAL, *Defendant-Appellant.* | No. 04-CR-118 Lynn Adelman, *Judge.* |

**O R D E R**

Miguel Villalobos-Sandoval entered an open guilty plea to being in the United States without permission after he was removed following conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a), (b). He was sentenced to 42 months' imprisonment, 2 years' supervised release, and a special assessment of $100. Villalobos-Sandoval filed a notice of appeal, but his appointed lawyer now seeks to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Villalobos-Sandoval was invited, pursuant to Circuit Rule 51(b), to comment on counsel's submission, but he has not responded. We therefore limit our review to the two potential issues counsel highlights. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Villalobos-Sandoval had been removed to Mexico in July 2003 following his conviction in Wisconsin for distribution of cocaine. He turned up again in Wisconsin in February 2004, and after his arrest, admitted that he returned to the United States without authorization about a month after his removal. The district court properly rejected Villalobos-Sandoval's sole objection to the presentence investigation report and calculated an advisory imprisonment range of 70 to 87 months based on a total offense level of 21 and a criminal history category of V. The court, however, after crediting Villalobos-Sandoval's stated reason for returning to the United States (he told the court he returned to care for his wife and child) and effectively accepting as a matter of discretion the arguments he pressed in a motion for downward departure and in the guideline objection the court had overruled, imposed a prison term of 42 months, well below the guildeline minimum of 70 months.

In his supporting brief, counsel first considers whether Villalobos-Sandoval might argue that he cannot be convicted under § 1326(a) because he waived his removal hearing and did not contest removal. Counsel concludes that this potential argument would be frivolous, and we agree. There is no difference in status for purposes of § 1326(a) between an alien who accepts removal without protest and one who contests the government's effort to return him to his home country. *See* 8 U.S.C. § 1326(a)(1) (defining as a felony the unauthorized reentry of "any alien" who "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding"); *United States v. Galicia-Gonzalez*, 997 F.2d 602, 603-04 (9th Cir. 1993) (alien who conceded deportability and waived deportation hearing violated § 1326(a)); *United States v. Encarnacion-Galvez*, 964 F.2d 402, 406-09 (5th Cir. 1992) (same). Moreover, the only way to collaterally challenge the deportation or removal order underlying a § 1326(a) prosecution is to seek dismissal before trial on a showing that "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *see United States v. Roque-Espinoza*, 338 F.3d 724, 728 (7th Cir. 2003) (analyzing § 1326(d)). Villalobos-Sandoval never attempted to make the requisite showing, and, putting aside that he pleaded guilty, it is too late to press the matter now because he could not show good cause for waiting until appeal to question the underlying removal order. *See* Fed. R. Crim. P. 12(b)(3), (e); *United States v. Johnson*, 415 F.3d 728, 731 (7th Cir. 2005) (defenses that Rule 12(a)(3) requires to be made before trial are waived rather than forfeited absent showing of "good cause" for dilatory presentment). In any event, Villalobos-Sandoval did plead guilty and, as a consequence, both admitted "all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence,"

*United States v. Broce*, 488 U.S. 563, 569 (1989), and waived all non-jurisdictional defects, *see United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001).

The only other potential issue identified by counsel is whether, despite the fact that sentencing occurred after the Supreme Court decided *United States v. Booker*, 534 U.S. 220 (2005), Villalobos-Sandoval could argue that he was improperly subjected to the enhanced penalty under § 1326(b) when the judge and not a jury determined that his Wisconsin conviction for distribution of cocaine constituted an "aggravated felony." *See* 8 U.S.C. § 1326(b) (elevating maximum jail term from 2 to 20 years if prior removal was subsequent to conviction for aggravated felony). But the proper characterization of the conviction is a legal, not factual, question, *see United States v. Martinez-Carillo*, 250 F.3d 1101, 1103 (7th Cir. 2001), and, regardless, prior convictions remain excluded from the limitations on judicial factfinding that led to *Booker*, *see Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998); *United States v. Pittman*, 418 F.3d 704, 708-09 (7th Cir. 2005). This potential argument is therefore frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.