**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 18, 2006
Decided January 26, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2740

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> JASON M. PAUL, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 03-CR-117 <br><br> William C. Griesbach, <br> *Judge*. |

**O R D E R**

Jason Paul pleaded guilty to one count of using a telephone to facilitate the possession and distribution of marijuana, 21 U.S.C. § 843(b).  Paul was overheard during a wiretap arranging to buy a small quantity of marijuana.  In his plea agreement he stipulated that the total amount of marijuana he bought from his codefendants over the course of a year was between one and 2.5 kilograms.  The district court, applying the sentencing guidelines as advisory, calculated a total offense level of 8 and criminal history category of IV, corresponding to a guideline imprisonment range of 10 to 16 months.  The court then imposed six months' imprisonment, to be followed by one year of supervised release.  As a special condition of release, the court ordered that Paul be confined at home for 120 days.  The court also imposed a fine of $1,000, and a special assessment of $100.  Paul

filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot find a nonfrivolous issue. Counsel's *Anders* brief is facially adequate, and Paul has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. Thus our review is limited to those potential issues identified in counsel's brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first considers whether Paul could challenge his guilty plea as involuntary because the district court did not fully comply with the requirements of Federal Rule of Criminal Procedure 11. The omissions cited by counsel are quite minor, and, regardless, our review would be limited to plain error because Paul never moved to withdraw his guilty plea in the district court. *United States v. Vonn*, 535 U.S. 55, 58 (2002); *United States v. Schuh*, 289 F.3d 968, 974 (7th Cir. 2002). More importantly, counsel does not indicate that Paul has expressed an interest in having his guilty plea set aside. We have held that lawyers should not raise a Rule 11 claim on appeal or even explore the question in an *Anders* submission unless the defendant wants the plea set aside. *See United States v. Knox*, 287 F.3d 667, 672 (7th Cir. 2002). Without such an indication from Paul, we will not analyze this potential argument any further.

Counsel also considers whether Paul could argue that the district court should have suppressed evidence of his intercepted telephone calls. Those calls —the basis of the § 843(b) charge—were overheard during a wiretape on a codefendant's cellular phone. But, as counsel observes, Paul did not move to suppress his intercepted conversations, and his unconditional guilty plea waived his right to argue for suppression of the intercepts on appeal. *See United States v. Rogers,* 387 F.3d 925, 932 (7th Cir. 2004); *United States v. Elizalde-Adame,* 262 F.3d 637, 639 (7th Cir. 2001). Indeed, as a term of his plea agreement, Paul explicitly "surrender[ed] any claims he may have raised in any pretrial motion."

Finally, counsel considers whether Paul could challenge the reasonableness of his sentence. The guideline calculations were undisputed and, consistent with the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the district court applied the sentencing guidelines as advisory. The court considered Paul's sentencing arguments and the factors identified in 18 U.S.C. § 3553(a), and imposed a sentence at the bottom of the guideline range. *See* U.S.S.G. §5C1.1(d)(2) (permitting minimum term to include supervised release with a condition of home detention, provided that imprisonment comprises one-half the term). That term is presumptively reasonable, *see, e.g., United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel is unable to construct any argument to undermine the presumption. Accordingly, we agree with counsel that it would be frivolous to argue on this record that Paul's

sentence is unreasonable.  *See United States v. Bryant*, 420 F.3d 652, 658 (7th Cir. 2005); *Mykytiuk*, 415 F.3d at 608.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.