**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2006
Decided December 15, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1774

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 05-10068-001 |
| CHARLES V. DAVIS, <br> *Defendant-Appellant*. | Michael M. Mihm, <br> *Judge*. |

**O R D E R**

Charles Davis pleaded guilty without a plea agreement to possessing a gun as a felon, *see* 18 U.S.C. § 922(g), and was sentenced to 120 months' imprisonment. Davis filed a timely notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Because Davis has not accepted our invitation to comment on counsel's motion, *see* Cir. R. 51(b), our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether there are any nonfrivolous issues to be raised regarding Davis's conviction. Counsel correctly notes that an "unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea." *United States*

*v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001). Accordingly, the only potential issue Davis could raise on appeal about his conviction is whether he knowingly and voluntarily entered his guilty plea. But counsel consulted with Davis, who advised that he does not want his guilty plea set aside; thus, counsel appropriately avoids any discussion about the adequacy of the guilty plea colloquy or the voluntariness of Davis's plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Davis could challenge the reasonableness of his prison sentence. Counsel cites two factors that at sentencing Davis argued would justify a term below the guidelines range: first, that Davis showed extraordinary acceptance of responsibility by pleading guilty knowing he might be sentenced to the statutory maximum and, second, that Davis was already serving a prison sentence for a state parole revocation based on the offense conduct underlying the instant offense. But the district court considered both points along with the factors specifically enumerated in 18 U.S.C § 3553(a) before ultimately sentencing Davis to the statutory maximum, which was at the lowest end of the applicable guidelines range. We ordinarily presume that any sentence within the advisory guidelines range is reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). But whether or not we applied the presumption here, we would conclude, as does counsel, that it would be frivolous for Davis to argue that his prison term is unreasonable. *See United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3243 (U.S. Nov. 3, 2006) (No. 06-5754) (granting writ of certiorari to decide whether it is consistent with *Booker* to accord a presumption of reasonableness to a sentence within the guidelines range). Counsel can identify no error in the district court's calculation of the guidelines range and correctly notes that the district court gave detailed and meaningful consideration to the relevant factors under § 3553(a), which is all it was required to do. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.