NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2007
Decided February 22, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3398

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 05-10050-01 |
| RAUL SALDIVAR-MURILLO, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Raul Saldivar-Murillo, a Mexican citizen, pleaded guilty without a plea agreement to being in the United States without permission after his removal. *See* 8 U.S.C. § 1326(a). Saldivar-Murillo already had accumulated several felony convictions, including two for burglary and another for possessing a large quantity of marijuana with intent to deliver, before he was removed in 1998. Immigration authorities discovered he was back in the United States after he was convicted in 2002 of aggravated kidnapping and armed robbery. The district court calculated a guidelines imprisonment range of 77 to 96 months for his unauthorized re-entry, and sentenced Saldivar-Murillo to 71 months because he also would be serving a consecutive six to eight months' imprisonment for a parole violation. Saldivar-Murillo filed a timely notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders*

*v. California,* 386 U.S. 738 (1967). Saldivar-Murillo has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Our review of the record is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether there are any nonfrivolous issues to be raised regarding Saldivar-Murillo's conviction. Counsel correctly notes that an "unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea." *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001). Accordingly, the only potential issue regarding his conviction that Saldivar-Murillo could raise on appeal is whether he knowingly and voluntarily entered his guilty plea. But counsel consulted with Saldivar-Murillo, who advised that he does not want his guilty plea set aside; thus, counsel appropriately avoids any discussion about the adequacy of the guilty plea colloquy or the voluntariness of Saldivar-Murillo's plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel next considers whether Saldivar-Murillo could challenge the reasonableness of his prison sentence. Counsel notes that at sentencing Saldivar-Murillo argued that his impaired mental health justified a term below the guidelines range. But counsel also notes that the district court considered this factor along with the factors specifically enumerated in 18 U.S.C § 3553(a) before ultimately sentencing Saldivar-Murillo to six months below the lowest end of the applicable guidelines range. Counsel can identify no error in the district court's calculation of the guidelines range and correctly notes that the district court gave detailed and meaningful consideration to the relevant factors under § 3553(a), which is all it was required to do. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). We therefore agree with counsel that any challenge to the reasonableness of Saldivar-Murillo's sentence would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.