NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009
Decided June 11, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2026

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>ANTONIO ABARCA,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 CR 575-1<br><br>Joan Humphrey Lefkow,<br>*Judge*. |

**O R D E R**

Antonio Abarca pleaded guilty to robbing three banks, *see* 18 U.S.C. § 2113(a), and was sentenced to 92 months' imprisonment. Abarca appeals, but his appointed counsel has moved to withdraw because she cannot identify any nonfrivolous argument to pursue. See *Anders v. California*, 386 U.S. 738 (1967). Abarca has not accepted our invitation to comment on counsel's motion. See CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that Abarca does not wish to challenge his guilty plea, so she properly refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

One possible argument evaluated by counsel is whether the district court erred by failing to rule on Abarca's motion to suppress the identity of a bank teller. But before the court could rule on the motion to suppress, Abarca pleaded guilty. And by entering an unconditional guilty plea, Abarca waived all non-jurisdictional errors that might have occurred prior to the plea. See *United States v. Rogers*, 387 F.3d 925, 934 (7th Cir. 2004); *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001).

The only other argument counsel considers is whether Abarca could argue that a 92-month sentence is unreasonable. Here, because the district court sentenced Abarca to the bottom of the properly calculated guidelines range of 92 to 115 months, his sentence would be presumptively reasonable. See *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007)*; United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The sentencing transcript shows that the district court adequately considered all of the § 3553(a) factors, including the seriousness of the offenses, Abarca's characteristics and personal history, and the need to protect the public. See *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). We agree with counsel that there are no nonfrivolous arguments to rebut the presumption of reasonableness for this sentence, and thus any potential challenge to his sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.