NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 17, 2011
Decided November 15, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-3942

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Central |
| | District of Illinois. |
| *v.* | |
| | No. 2:09-cr-20067-MPM-1 |
| DERRICK R. YOUNG, | |
| *Defendant-Appellant.* | Michael P. McCuskey, |
| | *Chief Judge.* |

**O R D E R**

The defendant-appellant, Derrick Young, pleaded guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He now challenges the district court's earlier denial of a motion to suppress the heroin that a police officer found during a search of his person.

A guilty plea generally operates as a waiver of all non-jurisdictional issues on appeal. *United States v. Rogers*, 387 F.3d 925, 932 (7th Cir. 2004). There is a narrow exception under

Federal Rule of Criminal Procedure 11(a)(2) that allows a defendant, with the consent of the court and the government, to explicitly condition his guilty plea on the right to appeal adverse judgments on pre-trial motions. Here, Young argues that he made such a conditional plea by expressing his intention to appeal the denial of the motion to suppress at his sentencing hearing. The government stood by silently during sentencing while the judge mistakenly informed Young that he could appeal that decision.

Although Rule 11(a)(2) requires conditional plea agreements to be in writing, Young argues that under *United States v. Elizalde-Adame*, the writing requirement should be excused. *See Elizalde-Adame*, 262 F.3d 637 (7th Cir. 2001). We made clear in *Elizalde-Adame* that in order to excuse the writing requirement of conditional plea agreements, "something in the record . . . [must] plainly show[] that the government had agreed to a conditional plea and that the district court had accepted it." *Id*. at 639.

There is no evidence that when Young pleaded guilty he had reached any conditional agreement, written or otherwise, with the government. The record indicates that his guilty plea was made freely and in consultation with his attorney. At no point during the plea hearing does the record suggest that Young or his attorney intended to reserve the right to challenge the ruling on the motion to suppress. We will not negate the intentions of the parties at the time of this plea based on an unimportant misstatement made later at Young's sentencing hearing. Accordingly, we find that he has waived any right to appellate review of the issue.

Since there are no other issues before us, the ruling of the district court is **AFFIRMED**.