**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 26, 2006
Decided May 26, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2658

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>        *v.*<br><br>MARVIN GRANT,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03 CR 884<br><br>Ronald A. Guzmán,<br>*Judge.* |

## O R D E R

Marvin Grant pleaded guilty to possessing a credit card embosser with the intent to defraud, 18 U.S.C. § 1029(a)(4).  He admitted to obliterating the names and account numbers from existing credit cards with a clothes iron, imprinting the cards with different information, and using the phony cards to make purchases. The district court sentenced Grant to 86 months' imprisonment and three years' supervised release.  He was also ordered to pay $87,730.89 in restitution and a $100 special assessment.  Grant filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot discern a nonfrivolous argument for appeal. *See Anders v. California*, 386 U.S. 738 (1967).  Grant has filed a response. *See*

Circuit Rule 51(b). Counsel's brief is facially adequate, and so we review only the potential arguments that he and Grant have identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first questions whether he might challenge Grant's guilty plea, an issue that is properly considered because counsel reports that Grant has expressed an interest in withdrawing his plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). We would review Grant's claim only for plain error because he did not move to withdraw his guilty plea in the district court. *See United States v. Vonn*, 535 U.S. 55, 74 (2002). Counsel states in his brief that Grant questions the soundness of his plea "because he believes that his indictment was defective," and in his response Grant elaborates that the indictment failed to allege two "elements" of the offense that resulted in a higher guideline range at sentencing: the amount of the loss and a prior conviction. Notwithstanding the questionable merit of Grant's assertion, counsel correctly points out that a valid guilty plea waives all nonjurisdictional errors occurring prior to the plea. *E.g., United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001). The only question, then, is whether Grant's plea was knowing and voluntary. Grant does not suggest in his response that it was not; moreover, we agree with counsel that any argument about the adequacy of the plea colloquy would be frivolous. *See* Fed. R. Civ. P. 11(b).

Counsel next considers and dismisses several possible arguments concerning Grant's sentence, which the district court imposed after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). First, counsel appropriately rejects a challenge to the calculation of the advisory guidelines range, pointing out that the adjustments to Grant's offense level were based largely on factual admissions in his plea agreement and were otherwise properly determined by the district court. *See United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006). And counsel identifies nothing that might rebut the presumption of reasonableness given to a sentence within the properly calculated guideline range. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel also discerns no basis on which to challenge the restitution order because Grant stipulated in his plea agreement to the amount owed. Grant nevertheless contends that the district court improperly imposed restitution for losses stemming from conduct charged in counts of the indictment other than the one to which he pleaded guilty. But counsel is correct; we have noted that "[r]estitution is limited to the loss caused by the crimes of which the defendant stands convicted, *unless he agrees to pay more*." *See United States v. Belk*, 435 F.3d 817, 819 (7th Cir. 2006) (emphasis added). And in his plea agreement—which covers only a single count of the indictment—Grant acknowledged owing a total of "at least approximately $87,730.89" in restitution. Finally, Grant alone argues that the remedial opinion in *Booker* retroactively increased his sentence in violation of the *ex post facto* clause of the United States

Constitution. We rejected the same argument in *United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.