In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1869

United States of America,

Plaintiff-Appellee,

v.

Shanti Banks-Giombetti,

Defendant-Appellant.


Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 99 CR 62--Rudy Lozano, Judge.


Argued January 30, 2001--Decided March 30, 2001



Before Flaum, Chief Judge, and Ripple and Rovner, Circuit Judges.

Per Curiam. On the day of his trial for charges stemming from a bank robbery, Shanti Banks-Giombetti entered open guilty pleas to the entire indictment. Because Mr. Giombetti had waited until the last minute to change his pleas, the district court ordered him to pay the cost of assembling the jury venire for his trial. Mr. Giombetti appeals, arguing through counsel that the district court had no authority to assess jury costs against him. Mr. Giombetti has also submitted a pro se brief attacking his convictions and sentences. For the reasons stated below, we vacate the order assessing jury costs, but affirm the judgment of the district court in all other respects.

I

Armed with a loaded 9mm handgun, Mr. Giombetti robbed the Lake Federal Savings and Loan Association in Highland, Indiana on April 12, 1999. After ushering the bank's employees into the vault at gunpoint, he fled the scene with $56,149 in stolen cash. The police quickly spotted Mr. Giombetti's Ford Explorer several blocks away from the bank and gave chase. He turned onto a dead-end street and abandoned his truck, gun, and the stolen money. He then fled on foot into a residential neighborhood, entered the unlocked home of 62-year-old Evelyn Wojas, and

held her against her will while hiding in her basement. In the process of preventing Mrs. Wojas from escaping and calling the police, Mr. Giombetti pulled her down a flight of stairs, causing her to hit her head on the floor and crack several teeth. After a standoff with the police, Mr. Giombetti allowed Mrs. Wojas to safely exit her home and later surrendered. Mrs. Wojas required medical attention after the incident.

The government filed a criminal complaint charging Mr. Giombetti with armed bank robbery, 18 U.S.C. sec. 2113(a), (d); forcing a person to accompany him in an attempt to avoid capture, 18 U.S.C. sec. 2113(e); and using a firearm during and in relation to a crime of violence, 18 U.S.C. sec. 924(c)(1). A federal grand jury later returned a three-count indictment charging the same. Mr. Giombetti pleaded not guilty. Trial was scheduled for 8:30 a.m. on January 3, 2000. That morning Mr. Giombetti requested that new counsel be appointed, but after a short hearing he withdrew his request and informed the court that he wished to proceed. As the court prepared to assemble the jury venire, however, Mr. Giombetti announced that he wished to plead guilty. Another hearing was held during which the district court questioned Mr. Giombetti at length regarding his decision. Mr. Giombetti stated that he fully understood the charges against him and that he would be pleading guilty to the entire indictment without any promises or concessions from the government. At the end of the colloquy, the district court accepted Mr. Giombetti's guilty pleas and concluded the hearing by stating:

Because I indicated this before and because it is the practice of this Court, because the jury was called and the plea was not done until after the jury was here, the Court is assessing jury costs to the defendant.

Later, the district court issued an order assessing $1,315.90 in jury costs against Mr. Giombetti for "failure to proceed with case at trial, selection of jurors and presentation of witnesses."

Mr. Giombetti's bank robbery conviction placed his base offense level at 20 under U.S.S.G. sec. 2B3.1(a), and the district court increased his base level by a total of eight because Mr. Giombetti robbed a financial institution, took a hostage, injured a victim, and stole more than $50,000, see U.S.S.G. sec. 2B3.1(b)(1), (3), (4), (7). The court adjusted his offense level upward by four levels for obstructing justice, U.S.S.G. sec. 3C1.1, and reckless endangerment during flight, U.S.S.G. sec. 3C1.2. The district court next found that Mr. Giombetti was subject to an

84-month consecutive prison sentence under 18 U.S.C. sec. 924(c) and U.S.S.G. sec. 2K2.4(a) for brandishing a firearm during the robbery. With a Criminal History Category of VI, these calculations yielded a combined guideline imprisonment range of 294 to 346 months. But the district court also determined that if Mr. Giombetti had not been charged and convicted under sec. 924(c), his use of a weapon during the robbery would have resulted in an additional increase to his base offense level of at least seven levels under U.S.S.G. sec. 2B3.1(b)(2), yielding a combined guideline imprisonment range of 360 months to life. See U.S.S.G. sec. 2K2.4, comment. (n.2); United States v. Mrazek, 998 F.2d 453, 454-55 (7th Cir. 1993). The district court believed that the lesser overall imprisonment range based on his sec. 924(c) conviction did not adequately reflect Mr. Giombetti's extensive criminal history and departed upward from the guideline range, sentencing him to a total of 360 months' imprisonment, five years' supervised release, and $300 in special assessments. The district court also ordered that he pay $223.46 in restitution to Mrs. Wojas for her medical costs.

II

On appeal, Mr. Giombetti's appointed counsel argues only that the district court was without authority to sanction him with the costs of assembling the jury venire. The government agrees and confesses error. Nevertheless, we must still independently evaluate the merits of Mr. Giombetti's claim. See United States v. Jones, 235 F.3d 342, 346 (7th Cir. 2000).

The district court's authority to assess costs against criminal defendants such as Mr. Giombetti is found in 28 U.S.C. sec. 1918(b) and Rule 57(b) of the Federal Rules of Criminal Procedure. Section 1918(b) provides that district courts may in their discretion assess the costs of prosecution against unsuccessful criminal defendants in non-capital cases. See United States v. Standiford, 148 F.3d 864, 870 n.4 (7th Cir. 1998); United States v. Hiland, 909 F.2d 1114, 1141 (8th Cir. 1990). The costs that may be assessed, however, must be authorized by statute, United States v. Gering, 716 F.2d 615, 626 (9th Cir. 1983); United States v. Tzakis, 736 F.2d 867, 873 (2d Cir. 1984); United States v. DeBrouse, 652 F.2d 383, 391 (4th Cir. 1981); United States v. Pommerening, 500 F.2d 92, 101 (10th Cir. 1974), and every court to address the issue has held that, absent some other explicit statutory authority, 28 U.S.C. sec. 1920 lists the costs of prosecution that a court may assess under sec. 1918(b), see Hiland, 909 F.2d at 1142;

Gering, 716 F.2d at 626; DeBrouse, 652 F.2d at 391; cf. Roadway Express Corp. v. Piper, 447 U.S. 752, 759-60 (1980) (28 U.S.C. sec. 1927, allowing courts to assess costs for vexatiously multiplying proceedings, must be read in conjunction with sec. 1920); United States v. Claros, 17 F.3d 1041, 1044-45 (7th Cir. 1994) (same). Under sec. 1920, a court may tax as costs (1) fees of the clerk and marshal; (2) fees of the court reporter for transcripts; (3) fees for printing and witnesses; (4) fees for exemplification and copies of documents; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. Section 1920 does not list jury costs as a cost of prosecution.

Rule 57(b) allows district courts to regulate the practice of litigants and attorneys in any manner consistent with federal law, the Federal Rules of Criminal Procedure, and their local rules. But absent an authorizing statute, a Federal Rule of Criminal Procedure, or a local rule, a district court may not impose a sanction or other disadvantage for noncompliance with any requirement arising from a source other than a statute or rule without first giving the party actual notice of the requirement. Fed. R. Crim. P. 57(b). Both parties represent that the Northern District of Indiana does not have an applicable local rule and that Mr. Giombetti did not have actual notice of the possibility of being assessed jury costs if he changed his plea on the eve of trial. The parties explain that the only order that might be construed as having given Mr. Giombetti actual notice that the district court required him to change his plea no later than five days before trial is an August 4, 1999 order setting the case for final pretrial conference and scheduling a trial. That order, however, only directed the parties to be ready to discuss at the pretrial conference the status of plea negotiations and any reasons that might prevent a deal from being completed within five days of trial. We do not believe that this order put Mr. Giombetti on actual notice of the possibility of having to pay jury costs. We therefore accept the government's confession of error.

III

Mr. Giombetti has also submitted a pro se brief in which he attacks his bank robbery conviction and his sentences. He first asserts that his sec. 2113 conviction should be vacated as void because the federal government had no authority to prosecute an offense against a bank not located on federal land. His challenge to the federal territorial jurisdiction of the district court is

frivolous and requires no further discussion. See United States v. Jones, 938 F.2d 1425, 1428 & n.6 (7th Cir. 1993); United States v. Koliboski, 732 F.2d 1328, 1329-30 (7th Cir. 1984); United States v. Dunham, 995 F.2d 45 (5th Cir. 1993); United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990); see also Westfall v. United States, 274 U.S. 256, 258-59 (1927) (Congress may punish offenses against federally-regulated banks); Hugi v. United States, 164 F.3d 378, 380-81 (7th Cir. 1999) (government's burden to prove interstate commerce nexus for federal crimes is waived by valid guilty plea).

Mr. Giombetti next argues that the district court erred in calculating his sentence. He contends that the district court impermissibly double counted his use of a firearm by sentencing him to a seven-year consecutive sentence under 18 U.S.C. sec. 924(c) and U.S.S.G. sec. 2K2.4(a) and departing upward from the guideline range to take into account the greater sentence he would have received had he not been convicted under sec. 924(c). We disagree. Sentencing courts may depart upward to ensure that defendants convicted under both sec. 924(c) and the underlying crime of violence do not receive more lenient sentences by virtue of the sec. 924(c) conviction than if they had been convicted of the underlying offense alone. United States v. Ledford, 218 F.3d 684, 689 n.1 (7th Cir. 2000); United States v. Seawood, 172 F.3d 986, 990 (7th Cir. 1999); United States v. Johnson-Dix, 54 F.3d 1295, 1310 (7th Cir. 1995). If Mr. Giombetti had not been convicted under sec. 924(c), the district court could have increased his base offense level by five under sec. 2B3.1(b)(2)(C), yielding a total offense level of 37 and a sentencing range of 360 months to life. U.S.S.G. sec. 2K2.4, comment. (n.2); Mrazek, 998 F.2d at 454. The district court's upward departure placed him in the same sentencing range as if he had been convicted under sec. 2113 alone. Nothing has been counted twice.

He next argues that the district court should not have increased his base offense level by two for obstructing justice under sec. 3C1.1. The district court applied this adjustment because it found that Mr. Giombetti perjured himself when he testified at his change of plea hearing that he did not actually brandish or point his handgun at any of the bank employees during the robbery. We review the district court's factual findings for clear error, giving special deference to findings based on credibility determinations. United States v. White, 240 F.3d 656, 660-61 (7th Cir. 2001). At sentencing, the bank manager and one of the tellers testified that Mr. Giombetti pointed the gun at them and held it to their backs, and

the manager stated that Mr. Giombetti held the gun to his head. The district court credited the testimony of the bank employees over Mr. Giombetti's and found by a preponderance of the evidence that Mr. Giombetti's testimony was both false and material, and accordingly did not clearly err in finding that Mr. Giombetti committed perjury during his change of plea hearing. See id. at 662.

In the same vein, Mr. Giombetti contends that he should have received a two-level decrease to his base offense level for acceptance of responsibility under U.S.S.G. sec. 3E1.1 because he pleaded guilty and cooperated with the government. Last-minute guilty pleas, however, rarely demonstrate acceptance of responsibility. United States v. Galbraith, 200 F.3d 1006, 1016 (7th Cir. 2000); United States v. Ewing, 129 F.3d 430, 436 (7th Cir. 1997).

Finally, Mr. Giombetti argues that his guilty pleas were involuntary. He bases this claim, however, on trial counsel's alleged ineffective assistance. We decline to address this argument. Mr. Giombetti's contention that he would not have pleaded guilty but for trial counsel's allegedly erroneous advice relates to facts outside of this record and is therefore better suited for a motion to vacate, set aside, or correct his sentence under 28 U.S.C. sec. 2255. See United States v. Hamzat, 217 F.3d 494, 501 (7th Cir. 2000); United States v. Taglia, 922 F.2d 413, 417-18 (7th Cir. 1991).

IV

The district court's January 5, 2000 order assessing $1,315.90 in jury costs against Shanti Banks-Giombetti is VACATED. Mr. Giombetti's convictions and sentences are AFFIRMED in all other respects.