737

UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald SEAWOOD, Defendant–
Appellant.

No. 01–1918.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2003.*

Decided June 19, 2003.

Before MANION, ROVNER, and
DIANE P. WOOD, Circuit Judges.

**ORDER**

Ronald Seawood, a federal prisoner, appeals the district court's decision to deny his motion to modify his sentence, 18 U.S.C. § 3582(c)(2), based on an amendment to the application notes to § 2K2.4 of the Sentencing Guidelines. We affirm.

In 1997 a jury found Seawood and two co-defendants guilty of carjacking, 18 U.S.C. § 2119, conspiracy to commit carjacking, 18 U.S.C. § 317, and using a firearm while committing a crime of violence, 18 U.S.C. § 924(c). For the particularly brutal facts underlying these crimes, see our opinion, *United States v. Seawood*, 172 F.3d 986 (7th Cir.1999), in which we affirmed the convictions. Relevant to this appeal is an upward departure, the equivalent of six offense levels, imposed by the district court during Seawood's sentencing.

The district court, applying the 1997 Guidelines, arrived at a guideline range by first applying § 2B3.1 to the carjacking and conspiracy convictions to arrive at an offense level of 31; along with Seawood's criminal history of category I, this placed him in a range of 108 to 135 months. In addition, Seawood's conviction under 18 U.S.C. § 924(c) required a consecutive sentence of 60 months, thereby making the upper end of his punishment range 195 months. Had Seawood not been convicted under § 924(c), he would have received an additional six-point increase in offense level for using a firearm during the carjacking, *see* U.S.S.G. § 2B3.1(b)(2)(B), and

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

would have had an offense level of 37 and a sentencing range of 210 to 262 months. The increase was not applicable, in order to prevent double counting, because the § 924(c) conviction already accounted for Seawood's use of a firearm during his underlying crime. *See id.* § 2K2.4, comment. (n.2). The application notes to § 2K2.4 further explain, however, that when a defendant's guideline range is lower than it would have been had the defendant not been convicted under § 924(c), as Seawood's was here, the court may depart upward to a range equivalent to what it would have been without the § 924(c) conviction. *See id.* (The rationale is to prevent a defendant from benefitting from the additional conviction.) The district court followed this procedure, departing upward to a range equivalent to what it would have been without the § 924(c) conviction. After departing upward further for sexual abuse, *see id.* §§ 2A3.1, 3D1.4(a), the court arrived at an offense level of 39 and a guideline range of 262 to 327 months. Accordingly, the court sentenced Seawood to concurrent imprisonment terms of 60 and 267 months for the conspiracy and carjacking convictions, and a consecutive term of 60 months for the § 924(c) conviction. On direct appeal we affirmed a similar upward departure under § 2K2.4 for one of Seawood's co-defendants. *Seawood,* 172 F.3d at 990.

Seawood filed a motion in district court contending that the district court's upward departure under § 2K2.4 was impermissible "double counting" forbidden by amendment 599 (effective Nov. 1, 2000), which modified the application notes to § 2K2.4. He renews that argument on appeal. Amendment 599 clarified the situations in which weapons enhancements are appropriate when combined with § 924(c) convictions. *See United States v. White,* 305 F.3d 1264, 1266 (11th Cir.2002). The amendment is listed in § 1B1.10(c) and therefore one for which retroactive application may be appropriate. *See Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir. 1993).

The district court correctly observed, however, that amendment 599 did not materially alter the paragraph in the application notes discussing upward departures in situations, such as Seawood's, where the guideline range is lower because of a § 924(c) conviction. *See* U.S.S.G.App. C (amendment 599). Rather than being an instance of double counting, the departure (now discussed at U.S.S.G. § 2K2.4, comment. (n.4)) ensures that defendants in situations such as Seawood's receive the same sentences they would have received had they not been convicted under § 924(c). *United States v. Banks–Giombetti,* 245 F.3d 949, 954–54 (7th Cir.2001). Thus, the district court did not abuse its discretion in denying Seawood's motion. *See United States v. Marshall,* 83 F.3d 866, 869 n. 3 (7th Cir.1996) (district courts have discretion to reduce sentences based on retroactive amendments); *White,* 305 F.3d at 1267.

AFFIRMED.