# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 02-3786

THOMAS RICHARDSON,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 02 CV 4041—**Suzanne B. Conlon**, *Judge.*

———————

ARGUED JULY 7, 2004—DECIDED AUGUST 16, 2004

———————

Before CUDAHY, COFFEY, and ROVNER, *Circuit Judges.*

PER CURIAM. Thomas Richardson pleaded guilty to one
count of receiving child pornography, 18 U.S.C. § 2252(a)(2),
and one count of possession of child pornography, *id.*
§ 2252(a)(4)(B), and was sentenced to a total of 108 months'
imprisonment. Richardson filed a direct appeal challenging
the calculation of his sentence, and we affirmed the sen-
tence imposed by the district court. *See United States v.
Richardson*, 238 F.3d 837 (7th Cir. 2001). Richardson then
moved to vacate, set aside, or correct his sentence pursuant
to 28 U.S.C. § 2255, arguing that his trial counsel was
constitutionally ineffective. The district court denied

Richardson's motion, holding that he procedurally defaulted his claim because he could have raised it on direct appeal, but did not do so.

Richardson correctly argues that he did not procedurally default his ineffective-assistance claim because *Massaro v. United States*, 538 U.S. 500 (2003), holds that a federal defendant can always wait and raise ineffective-assistance claims on collateral attack. However, we nonetheless affirm the district court's denial of his § 2255 motion because Richardson has failed to show that his trial counsel was ineffective.

## Background

In April 1999 an employee at a Park Ridge, Illinois, film processing store alerted police that Richardson had left film to be processed that appeared to contain images of child pornography. Park Ridge police officers went to Richardson's home to question him about the film, and Richardson allowed them to enter his apartment. The officers asked Richardson if he had any child pornography, and Richardson responded by pulling up three pictures on his computer, including two that showed a young girl engaged in sexual activity.

Richardson also pointed the officers to a box containing twelve, high-capacity "jazz" and "zip" disks. The government's forensic experts examined the disks and determined that they contained over 70,000 sexually explicit images downloaded from Internet websites, and that "the individuals portrayed in those images are, in many instances, prepubescent girls, many of whom are under the age of 12." During his plea colloquy, Richardson admitted that the disks contained the images described by the government. Officers also found several video clips that Richardson had put together from some of the downloaded pornographic images and thousands of photographs Richardson had taken of young girls without their knowledge.

In January 2002 Richardson filed his initial § 2255 motion in which he identified twenty-nine grounds for his ineffective-assistance claim. The district court denied Richardson's § 2255 motion on the ground that he procedurally defaulted his ineffective-assistance claim by not raising it on direct appeal. We granted Richardson's request for a certificate of appealability as to whether his trial counsel was ineffective for failing to conduct an adequate investigation before Richardson entered his guilty plea. We also instructed the parties to address whether the district court properly found that Richardson procedurally defaulted his ineffective-assistance claim.

## Analysis

Richardson first challenges the district court's procedural analysis. The district court, relying on our opinion in *Guinan v. United States*, 6 F.3d 468 (7th Cir. 1993), held that Richardson procedurally defaulted his ineffective-assistance claim because he did not raise it on direct appeal. Richardson argues that we should instead apply *Massaro*, which overruled *Guinan* and holds that a federal prisoner challenging a conviction under § 2255 can raise an ineffective-assistance-of-counsel claim in a collateral proceeding even where the defendant could have, but did not, raise the claim on direct appeal. 538 U.S. at 505. The government agrees that *Massaro* controls, but even with this concession we must still independently evaluate the correctness of the procedural-default ruling. *See United States v. Banks-Giombetti*, 245 F.3d 949, 952 (7th Cir 2001).

It is well-established that a court generally applies the law in effect at the time of its decision, and that if the law changes while the case is on appeal the appellate court applies the new rule. *See Thorpe v. Durham Hous. Auth.*, 393 U.S. 268, 281 (1969); *Meghani v. INS*, 236 F.3d 843, 846 (7th Cir. 2001); *United States v. Kimberlin*, 776 F.2d 1344, 1346

(7th Cir. 1985). Because *Massaro* was issued after Richardson brought this appeal, the decision is applicable to our analysis. Therefore, Richardson was not required to bring his ineffective-assistance claim on direct appeal, and we will address the merits of that claim on appeal. *See Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002).

Richardson contends that his lawyer was deficient in failing to investigate the possibility that the images described in the indictment are computer-generated and not really pictures of human beings, purported discrepancies in the police reports, and the chain of custody for part of the evidence the government intended to use against Richardson at trial.[1] To be successful on an ineffective-assistance claim, Richardson must show that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms, *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and prove that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985). We need not consider the first prong of the standard if we conclude that counsel's alleged deficiency did not prejudice the defendant. *Strickland*, 466 U.S. at 697; *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003).

When the alleged deficiency is a failure to investigate, the movant must provide "the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted). Whether a movant who pleaded

---

[1] In Richardson's reply brief, his lawyers state that Richardson "instructed" them to add two arguments that were not included in the opening brief. We will not address these arguments because they were raised for the first time in the reply brief. *United States v. Jones*, 278 F.3d 711, 717 (7th Cir. 2002).

guilty can establish prejudice from counsel's failure to investigate depends on whether the information that might have been discovered "would have led counsel to change his recommendation as to the plea," *Hill*, 474 U.S. at 59. This is an objective analysis that requires us to examine what a reasonable person would do "without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 60 (quoting *Strickland*, 466 U.S. at 695).

First, Richardson argues that counsel should have investigated whether the images recovered from his house were of actual children. Richardson is correct that receipt of virtual child pornography is not illegal. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 250 (2002). However, Richardson offers no reason to believe that any of the pictures found in his possession were not of real children; in fact, nowhere in his § 2255 motion does he even allege that some of the images were virtual and not real. *See United States v. Fudge*, 325 F.3d 910, 924 (7th Cir. 2003) (movant did not "offer[ ] a shred of evidence that supports his claim"); *Galbraith*, 313 F.3d at 1008-09 (holding that denial of § 2255 motion is appropriate where movant provides no evidence to support it). Without any evidence, or even an allegation that the images he received and possessed were not of real children, Richardson cannot show that he was prejudiced by his counsel's alleged failure to investigate whether the images were of virtual or real children.

Richardson further argues that his trial counsel failed to investigate two alleged errors the police made in handling the evidence against him. First, Richardson claims that his counsel should have investigated whether the police officers who interviewed him were lying when they said he printed two pictures from his computer files since the officers never logged the receipt of those printed images. Second, Richardson contends his counsel should have investigated a potential chain-of-custody issue because one of the zip disks seized at Richardson's house was inexplicably transferred

to the local fire department. Richardson argues that had his attorneys investigated these matters they might have "undermined the government's case" and "changed their recommendation as to the plea."

Richardson's theory is meritless. He was charged with one count of receipt of child pornography and one count of possession of child pornography although the government had evidence that Richardson had downloaded and possessed over 70,000 images of children. Of those 70,000 images, the government's experts examined 1,300 and found that 688 depicted children engaging in sexually explicit conduct. Any one of these images could have satisfied the factual basis for the government's case. 18 U.S.C. § 2252(a)(2), (a)(4)(B). Even if we were to accept Richardson's argument that the two printed images and one zip drive were not evidence the government could have used to prosecute him, the government still possessed hundreds of images that Richardson has not challenged. Since the government tested less than two percent of the images recovered from Richardson and found that more than fifty percent of those images depict children in sexually explicit conduct, it is likely that Richardson actually received and possessed tens of thousands of pornographic images. Richardson is "required to show through objective evidence that a reasonable probability exists that he would have gone to trial," *Fudge*, 325 F.3d at 924 (citation omitted), and no reasonable person would have chosen to go to trial if the government had hundreds if not thousands of opportunities to prove its case.

Accordingly, we AFFIRM the judgment of the district court on the grounds set forth in this opinion.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*