**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2006
Decided June 20, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4764

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 05-CR-104-S-01 |
| GREGORY MOSLEY, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

Gregory Mosley pleaded guilty to one count of conspiracy to possess with intent to distribute heroin. *See* 21 U.S.C. § 841(a)(1). He was sentenced to 170 months' imprisonment, within the advisory guidelines range of 151 to 188 months. Mosley filed a timely notice of appeal, but his attorney now moves to withdraw from the case because he is unable to discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Mosley to respond to his attorney's motion, and he has done so. *See* Circuit Rule 51(b). We confine our review to the issues raised by counsel's facially adequate brief and Mosley's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Mosley does not suggest that he wants his guilty plea vacated, so counsel appropriately declines to evaluate a possible challenge to the voluntariness of that plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). The only potential issue that counsel identifies is whether it was error for the district court to reject Mosley's argument that information concerning arrests that did not result in conviction should have been excluded in the presentence report. Mosley had taken the position that the records available to the probation officer were incomplete and so the information was unreliable, but the district court explained that arrest information is included in order "to provide the court with information about contact with law enforcement authorities," and is mandated by the Administrative Office of the United States Courts. *See* The Presentence Investigation Report for Defendants Sentenced Under the Sentencing Reform Act of 1984, Publication 107, Probation and Pretrial Services Division, Administrative Office of the United States Courts at III-24. We agree with counsel that it would be frivolous to argue on appeal that this was error. Probation officers are directed to summarize a defendant's prior arrests not only by the Administrative Office but also by Federal Rule of Criminal Procedure 32, which instructs that a "presentence report must [include] the defendant's history and characteristics, including any prior criminal record." Fed. R. Crim. P. 32(d)(2)(A)(i). Mosley presented no rebuttal evidence to suggest that the information was inaccurate. Even if he had, there is no indication in the record that the sentencing court actually used the arrest information. Although the sentencing court acknowledged Mosley's "numerous prior contacts with the criminal justice system," it factored into its guidelines calculations only those arrests resulting in scorable convictions. *See United States v. Carpenter*, 406 F.3d 915, 917 (7th Cir. 2005).

In any event, Mosley is not interested in pressing the potential issue his counsel identifies. He informs us in his Rule 51(b) response that he "does not agree with the frivolous issue presented by" counsel, and instead proposes a single argument of his own: that the indictment must be dismissed because he was denied a hearing on the question whether "the 'United States' has territorial jurisdiction over the exact location where the alleged 'laws of the United States' were violated." We have explicitly held that such arguments are frivolous. *See United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001); *United States v. Jones*, 983 F.2d 1425, 1428 & n.6 (7th Cir. 1993); *United States v. Koliboski*, 732 F.2d 1328, 1329-30 (7th Cir. 1984).

We GRANT the motion to withdraw and DISMISS the appeal.