UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted March 9, 2006[*]
Decided June 21, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 05-3562 | |
| | Appeal from the United States District |
| STEPHEN CLARK WIELAND, | Court for the Southern District of |
| *Petitioner-Appellant,* | Indiana, Indianapolis Division |
| | |
| *v.* | No. 1:04-cv-0991-DFH-VSS |
| | |
| EDWARD BUSS, | David F. Hamilton, |
| *Defendant-Appellee.* | *Judge.* |

### O R D E R

Indiana prisoner Stephen Wieland filed a habeas corpus petition under 28 U.S.C. § 2254 attacking his guilty plea on grounds of ineffective assistance of counsel and involuntariness. The district court judge denied the petition; Wieland now appeals the ineffectiveness claim. We reverse and grant the writ because Wieland has shown a reasonable probability that with effective counsel he would not have pleaded guilty.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In 1997, Wieland allegedly attacked three people with a box cutter during a bar altercation.  He was arrested and charged with two counts of aggravated battery, two counts of felony battery (a lesser included offense of aggravated battery), along with one count of resisting law enforcement and one count of misdemeanor battery.  Wieland's counsel did not dispel his mistaken impression—which the trial judge did not correct—that if Wieland went to trial he could be convicted and sentenced on both the aggravated battery charges and their lesser included offenses.  These charges cumulatively would expose him to a possible 59 ½ year sentence.  Wieland agreed to plead guilty to the two counts of aggravated battery if the government dismissed all the remaining charges, in part because he was advised that the maximum possible sentence if he pleaded guilty was forty years' imprisonment.  After Wieland entered his plea, the trial court imposed the 40-year maximum sentence.  Wieland soon discovered, however, that his actual maximum sentencing exposure if he had proceeded to trial was only 43 ½ years' imprisonment.

Wieland filed a state postconviction petition, arguing, as related to this appeal, that his counsel was ineffective for failing to advise him that he could not be sentenced on all four felony battery counts and that his maximum possible sentence after trial was only 43 ½ years, not 59 ½.  Because of counsel's failure, Wieland contends, he thought he was pleading guilty to avoid nearly 20 additional years if convicted after trial.  In reality, he argues, he saved only 3 ½ years by pleading guilty.  The state court found that counsel failed to tell Wieland that he could not be sentenced on all four felony battery counts, a finding we accept, *see* 28 U.S.C. § 2254(e)(1), but ultimately denied his petition.  The court reasoned that Wieland could not demonstrate prejudice because he did not show that a "reasonable defendant would not have entered a plea had the error in advice not been committed" and because he still received the benefit of a lesser sentence by pleading guilty.  *Wieland v. State*, No. 49A05-0306-PC-300 (Ind. Ct. App. Feb. 26, 2004) (unpublished decision).

Wieland then filed this § 2254 petition, arguing, as related to this appeal, that the standard applied by the state court, whether "a reasonable defendant would not have entered a plea had the error in advice not been committed," was contrary to *Strickland v. Washington*, 466 U.S. 668 (1984).  The district court disagreed and dismissed the petition, but issued a certificate of appealability as to whether the state court unreasonably applied *Strickland* to Wieland's ineffective assistance of counsel claim.

Wieland argues that the state court's standard, whether but for counsel's errors, "a *reasonable defendant* would not have accepted the plea agreement," was contrary to *Strickland*, which requires that the defendant show only a *reasonable probability* that he would not have pleaded guilty if not for counsel's bad advice.

Wieland is right, the appropriate standard asks whether a reasonable probability exists that Wieland himself would not have pleaded guilty. *See Hill v. Lockhart*, 474 U.S. 52 (1984)*; Gallo-Vasquez v. United States,* 402 F.3d 794, 798-99 (7th Cir. 2005) (conducting particularized inquiry); *Moore v. Bryant*, 348 F.3d 238, 242-43 (7th Cir. 2003) (same). Because the state court's analysis is contrary to clearly established federal law, *see Van Patten v. Deppisch*, 434 F.3d 1038, 1042 (7th Cir. 2006), our review is de novo.

To prevail on an ineffective assistance of counsel claim, Wieland must show that counsel's advice was objectively unreasonable and that there is a reasonable probability that he would not have pleaded guilty if not for counsel's error. *Moore*, 348 F.3d at 241. Counsel's performance was constitutionally deficient because of the erroneous sentencing advice Wieland received. "Where erroneous advice is provided regarding the sentence likely to be served if the defendant chooses to proceed to trial, and that erroneous advice stems from the failure to review the statute or caselaw that the attorney knew to be relevant, . . . the deficient performance prong is met." *Id*. at 242. We next examine whether Wieland showed a reasonable likelihood that counsel's error affected his decision to plead guilty. *See id.* at 243 ("[T]he issue presented here . . . is whether the erroneous advice provided by counsel caused [petitioner] to enter a plea he otherwise would not have entered . . . ."); *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004) (holding that *Strickland* requires petitioner to prove that "but for counsel's errors, he would not have pleaded guilty"). To show prejudice, Wieland must present evidence to demonstrate that his lawyer's error was a "decisive factor in his decision to plead guilty." *United States v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005).

The state argues that no evidence, other than Wieland's own testimony, supports his contention that the incorrect advice regarding his sentencing caused him to plead guilty. *See id.* at 359 ("[T]his court has held that a mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice."). But Wieland's assertion is buttressed by the sixteen-year disparity between his perceived sentencing exposure at trial versus after a plea. And we have previously accepted a comparable disparity between perceived and actual sentencing as a means to show prejudice under *Strickland. See Moore*, 348 F.3d 242-43.

In *Moore*, counsel wrongly advised the defendant that if convicted after trial, he could be sentenced to 22-27 years' imprisonment, but if he pleaded guilty, sentenced to only 10. *Id.* at 240. The correct information would have described an exposure of only 12 ½ to 15 years after trial, providing only a minimal benefit to pleading guilty. *Id.* Thus Moore thought he was avoiding a possible additional seventeen years in prison but in reality saved himself only 2 ½ to 5 years. In this case, Wieland thought he pleaded guilty to avoid another sixteen but in reality saved only three years. Furthermore, unlike the defendant in *United States v. Berkey*, 318

F.3d 768 (7th Cir. 2003), the trial judge never advised Wieland of his correct sentence exposure.  Just as we concluded in *Moore*, we decide here that the erroneous advice Wieland received could have reasonably caused him to plead guilty to avoid the significantly harsher sentence.  Accordingly, we REVERSE and REMAND with instructions that the district court issue the writ of habeas corpus unless the State shall have released or retried Wieland within 120 days from the date of the issuance of this opinion.

MANION, *Circuit Judge*, dissenting. Because I conclude that the district court properly denied Stephen Wieland the writ of habeas corpus, I respectfully dissent. This case largely turns on the standard by which we review the state court's decision. I agree with the district court that the Indiana Court of Appeals' decision here was not "contrary to" *Strickland*, *Hill*, or other United States Supreme Court precedents. In addressing the central issue—whether, but for counsel's erroneous sentencing advice, Wieland would have insisted on going to trial—the state court here relied on *Willoughby v. State*, 792 N.E.2d 560 (Ind. Ct. App. 2003), which held:

> Merely alleging that the petitioner would not have pled had the correct advice been given is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective *reasonable probability* that competent representation would have caused the petitioner not to enter a plea. Consequently, [the] analysis . . . must focus on the specific facts proffered by the petitioner, which indicate that a *reasonable defendant* would have rejected the petitioner's plea had the petitioner's trial counsel performed adequately.

792 N.E.2d at 564 (emphasis added; internal quotations and citations omitted). The district court, by prudently incorporating *Willoughby* into its review of this case, correctly understood that the state court here used the phrase "reasonable defendant" as an interchangeable equivalent to the *Strickland* phrase "reasonable probability." What is more, the substance of the state court's analysis in this case is not materially different from a traditional reasonable probability analysis. It is simply not "contrary to" *Strickland*. Consequently, I agree with the district court that federal review here should not be de novo but rather limited to the deferential "unreasonable application" standard under § 2254(d)(1). Under that standard, moreover, the state court's treatment of the present ineffective assistance claim was reasonable. It is reasonable to conclude that, unlike the situation in *Moore*, upon which this court so heavily relies, there is insufficient evidence here to credit Wieland's self-serving declarations that, but for counsel's error, he would not have pleaded guilty. Additionally, as the state and district courts pointed out, not only did Wieland reduce his sentence by 3.5 years but, by pleading guilty, he gave himself a shot at a substantially lighter sentence due to his acceptance of responsibility and a possibility of concurrent sentences on the two counts. For all of these reasons, the district court's decision to deny Wieland's habeas corpus petition should be affirmed.