ORDER
Indiana prisoner Stephen Wieland filed a habeas corpus petition under 28 U.S.C. § 2254 attacking his guilty plea on grounds of ineffective assistance of counsel and involuntariness. The district court judge denied the petition; Wieland now appeals the ineffectiveness claim. We reverse and grant the writ because Wieland has shown a reasonable probability that with effective counsel he would not have pleaded guilty.
In 1997, Wieland allegedly attacked three people with a box cutter during a bar altercation. He was arrested and charged with two counts of aggravated battery, two counts of felony battery (a lesser included offense of aggravated battery), along with one count of resisting law enforcement and one count of misdemeanor battery. Wieland’s counsel did not dispel his mistaken impression — which the trial judge did not correct — that if Wieland went to trial he could be convicted and sentenced on both the aggravated battery charges and their lesser included offenses. These charges cumulatively would expose him to a possible 59}6 year sentence. Wieland agreed to plead guilty to the two counts of aggravat *529 ed battery if the government dismissed all the remaining charges, in part because he was advised that the maximum possible sentence if he pleaded guilty was forty years’ imprisonment. After Wieland entered his plea, the trial court imposed the 40-year maximum sentence. Wieland soon discovered, however, that his actual maximum sentencing exposure if he had proceeded to trial was only 43/é years’ imprisonment.
Wieland filed a state postconviction petition, arguing, as related to this appeal, that his counsel was ineffective for failing to advise him that he could not be sentenced on all four felony battery counts and that his maximum possible sentence after trial was only 43$ years, not 59/i Because of counsel’s failure, Wieland contends, he thought he was pleading guilty to avoid nearly 20 additional years if convicted after trial. In reality, he argues, he saved only 3íé years by pleading guilty. The state court found that counsel failed to tell Wieland that he could not be sentenced on all four felony battery counts, a finding we accept, see 28 U.S.C. § 2254(e)(1), but ultimately denied his petition. The court reasoned that Wieland could not demonstrate prejudice because he did not show that a “reasonable defendant would not have entered a plea had the error in advice not been committed” and because he still received the benefit of a lesser sentence by pleading guilty. Wieland v. State, No. 49A05-0306-PC-300, 804 N.E.2d 1286 (Ind.Ct.App. Feb.26, 2004) (unpublished decision).
Wieland then filed this § 2254 petition, arguing, as related to this appeal, that the standard applied by the state court, whether “a reasonable defendant would not have entered a plea had the error in advice not been committed,” was contrary to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court disagreed and dismissed the petition, but issued a certificate of appealability as to whether the state court unreasonably applied Strickland to Wieland’s ineffective assistance of counsel claim.
Wieland argues that the state court’s standard, whether but for counsel’s errors, “a reasonable defendant would not have accepted the plea agreement,” was contrary to Strickland, which requires that the defendant show only a reasonable probability that he would not have pleaded guilty if not for counsel’s bad advice. Wieland is right, the appropriate standard asks whether a reasonable probability exists that Wieland himself would not have pleaded guilty. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Gallo-Vasquez v. United States, 402 F.3d 793, 798-99 (7th Cir.2005) (conducting particularized inquiry); Moore v. Bryant, 348 F.3d 238, 242-43 (7th Cir. 2003) (same). Because the state court’s analysis is contrary to clearly established federal law, see Van Patten v. Deppisch, 434 F.3d 1038, 1042 (7th Cir.2006), our review is de novo.
To prevail on an ineffective assistance of counsel claim, Wieland must show that counsel’s advice was objectively unreasonable and that there is a reasonable probability that he would not have pleaded guilty if not for counsel’s error. Moore, 348 F.3d at 241. Counsel’s performance was constitutionally deficient because of the erroneous sentencing advice Wieland received. ‘Where erroneous advice is provided regarding the sentence likely to be served if the defendant chooses to proceed to trial, and that erroneous advice stems from the failure to review the statute or caselaw that the attorney knew to be relevant, ... the deficient performance prong is met.” Id. at 242. We next examine whether Wieland showed a reasonable likelihood that counsel’s error affected his *530 decision to plead guilty. See id. at 243 (“[T]he issue presented here ... is whether the erroneous advice provided by counsel caused [petitioner] to enter a plea he otherwise would not have entered....”); Richardson v. United States, 379 F.3d 485, 487 (7th Cir.2004) (holding that Strickland requires petitioner to prove that “but for counsel’s errors, he would not have pleaded guilty”). To show prejudice, Wieland must present evidence to demonstrate that his lawyer’s error was a “decisive factor in his decision to plead guilty.” United States v. Cieslowski, 410 F.3d 353, 358-59 (7th Cir.2005).
The state argues that no evidence, other than Wieland’s own testimony, supports his contention that the incorrect advice regarding his sentencing caused him to plead guilty. See id. at 359 (“[T]his court has held that a mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice.”). But Wieland’s assertion is buttressed by the sixteen-year disparity between his perceived sentencing exposure at trial versus after a plea. And we have previously accepted a comparable disparity between perceived and actual sentencing as a means to show prejudice under Strickland. See Moore, 348 F.3d at 242-43.
In Moore, counsel wrongly advised the defendant that if convicted after trial, he could be sentenced to 22-27 years’ imprisonment, but if he pleaded guilty, sentenced to only 10. Id. at 240. The correct information would have described an exposure of only 12]£ to 15 years after trial, providing only a minimal benefit to pleading guilty. Id. Thus Moore thought he was avoiding a possible additional seventeen years in prison but in reality saved himself only 2]6 to 5 years. In this case, Wieland thought he pleaded guilty to avoid another sixteen but in reality saved only three years. Furthermore, unlike the defendant in Berkey v. United States, 318 F.3d 768 (7th Cir.2003), the trial judge never advised Wieland of his correct sentence exposure. Just as we concluded in Moore, we decide here that the erroneous advice Wieland received could have reasonably caused him to plead guilty to avoid the significantly harsher sentence. Accordingly, we REVERSE and REMAND with instructions that the district court issue the writ of habeas corpus unless the State shall have released or retried Wieland within 120 days from the date of the issuance of this opinion.