NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2009[*]
Decided April 28, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3008

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 43 |
| JOSEPH DONELSON, *Defendant-Appellant*. | David H. Coar, *Judge*. |

**O R D E R**

A jury found Joseph Donelson guilty on two counts of bank robbery, 18 U.S.C. § 2113(a), and the district court sentenced him to 240 months' imprisonment. During the proceedings Donelson, representing himself pro se, forcefully objected to the district court's exercise of jurisdiction. He filed approximately 15 motions, each of which the court denied, seeking dismissal of the indictment for lack of personal and subject-matter jurisdiction.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Furthermore, Donelson chose not to participate or appear at trial or sentencing. Donelson appeals his conviction pro se, continuing to press his argument that the district court lacked jurisdiction. We affirm.

Donelson frivolously argues that the district court did not have personal jurisdiction over him, insisting that he did not consent to the prosecution and that the court does not have jurisdiction over natural persons. But a district court has personal jurisdiction over any defendant who is brought before the court, regardless of whether the defendant consents. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991).

The crux of Donelson's subject-matter-jurisdiction argument is that the Federal Deposit Insurance Corporation's insurance coverage of bank deposits is not a sufficient basis for the federal government to criminalize bank robbery because the FDIC does not insure banks against robbery, suffers no loss from robberies, and plays no role in the decision to prosecute bank robbers. Donelson also appears to argue that the district court does not have authority to hear criminal cases and, in the alternative, that it has jurisdiction only over prosecutions of crimes committed on land owned by the United States. We have soundly rejected all these arguments. District courts have jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231; *see Burke*, 425 F.3d at 408; *United States v. Koliboski*, 732 F.2d 1328, 1329-30 (7th Cir. 1984), including bank robbery. Furthermore, Congress has authority to criminalize robbery of FDIC-insured banks because the offense has a sufficient nexus to interstate commerce. *See United Sates v. Watts*, 256 F.3d 630, 633-34 (7th Cir. 2001). And whether the bank is located on land owned by the federal government is irrelevant. *See United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001).

To the extent that Donelson also contends that his indictment should have been dismissed as insufficient, this argument, too, must fail. Donelson does not say precisely what information about his charges is lacking. The indictment tracks the statutory definition of bank robbery, and for each count provides the date of the robbery, the name and address of the bank, and the amount of money stolen. This information was enough to inform Donelson of the elements of the crime, provide him with notice of the nature of the charges, and enable him to assert a double jeopardy defense; nothing more is required. *See United States v. Castaldi*, 547 F.3d 699, 703 (7th Cir. 2008).

AFFIRMED