BLD-169                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1387
_____

UNITED STATES OF AMERICA

v.

KAREEM HASSAN MILLHOUSE,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 06-cr-00285-001)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed: July 23, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Kareem Hassan Millhouse, who is presently serving a sentence on a federal

criminal conviction, appeals from the order of the United States District Court for the

Eastern District of Pennsylvania denying his motions to waive court fees and restitution

and to reconsider his previously filed motion to dismiss.

In 2007, Millhouse was found guilty by a jury and convicted in the District Court of robbery, armed robbery, and related weapons offenses, for which he was sentenced to a term of imprisonment and ordered to pay restitution, among other things. Millhouse appealed. His motion to dismiss, originally filed in April 2009, challenged the federal indictment on "territorial and subject matter jurisdiction" grounds. The District Court dismissed the motion, holding that it lacked jurisdiction to consider it due to the pendency of Millhouse's direct appeal. Shortly thereafter, we affirmed the judgment of conviction. United States v. Millhouse, 346 F. App'x 868 (3d Cir. Sept. 29, 2009). Millhouse then filed two motions in November and December 2009, requesting that the District Court reconsider or reinstate his original motion to dismiss for a decision on the merits. By order entered January 15, 2010, the District Court summarily denied Millhouse's reconsideration motions and his motion to waive court fees and restitution (which had been pending since 2008). Millhouse filed this timely appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record, we conclude that no substantial question is presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6. We find no error in the District Court's denial of the motions to reconsider Millhouse's original motion to dismiss. Now that his direct appeal is complete and his conviction final, Millhouse may challenge his conviction and sentence by means of a properly filed motion to vacate

2

pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343-44 (1974) (stating that § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence).

The law governing issuance and enforcement of restitution orders allows modification of a restitution order upon notification of a material change in the defendant's economic circumstances affecting his ability to pay. 18 U.S.C. § 3664(k). We review restitution awards for abuse of discretion. United States v. Graham, 72 F.3d 352, 355 (3d Cir. 1995). We conclude that the District Court properly denied the motion, implicitly rejecting Millhouse's arguments that restitution should be waived because he is indigent and the victims are insured.[1] As for Millhouse's request to waive court fees, we discern no error in the District Court's decision not to make an adjustment at this time. See United States v. Banks-Giombetti, 245 F.3d 949, 952 (7th Cir. 2001) (noting a district court's discretionary authority to assess costs against criminal defendants under 28 U.S.C. § 1918(b)).

Accordingly, we will affirm the District Court's judgment. See LAR 27.4 and I.O.P. 10.6.

---

[1] We note that, at sentencing, the District Court took into account Millhouse's indigency occasioned by his long prison sentence when it waived the interest requirement on the amount of restitution and also waived the imposition of a fine. As for compensating insured victims, 18 U.S.C. § 3664(f)(1)(B) provides that "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."

3