BLD-242                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1171
_____

JOSEPH DONELSON,
                                        Appellant
v.

WARDEN LORETTO FCI

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 13-cv-00189)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 1, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: May 7, 2014)

_____

OPINION
_____

PER CURIAM

Joseph Donelson, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will affirm.

In 2008, Donelson was convicted in the United States District Court for the Northern District of Illinois of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to 240 months' imprisonment. The United States Court of Appeals for the Seventh Circuit affirmed. United States v. Donelson, 326 F. App'x 938 (7th Cir. 2009) (non-precedential decision). In 2010, the United States District Court for the Northern District of Illinois denied Donelson's motion to vacate sentence pursuant to 28 U.S.C. § 2255. The United States Court of Appeals for the Seventh Circuit denied Donelson's request for a certificate of appealability.

In 2013, Donelson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Pennsylvania. The District Court adopted the Magistrate Judge's recommendation to deny the petition because Donelson's claims were cognizable under § 2255, not § 2241, and he had already sought relief under § 2255 without success. Donelson filed an appeal, which he later withdrew. See W.D. Pa. Civ. No. 13-cv-00005.

Donelson then filed the present § 2241 habeas petition in the Western District of Pennsylvania. He claims that he is unlawfully detained because the United States Marshal did not sign and file the return portion of his criminal judgment upon his

2

commitment as required by 18 U.S.C. § 3621(c).[1]  As in his prior § 2241 proceeding, the

District Court adopted the Magistrate Judge's recommendation to dismiss the petition for

lack of jurisdiction because Donelson should have raised his claim in a § 2255 motion.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).  Our standard of

review of the District Court's legal conclusions is plenary.  Cradle v. United States ex rel.

Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which

federal prisoners can challenge their convictions or sentences that are allegedly in

violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir.

2002).  Donelson does not challenge his conviction or the sentence that was imposed for

his offense, but claims that he is unlawfully detained because the United States Marshall

did not execute and file his judgment in District Court after he was placed in the custody

of the Bureau of Prisons.  Because Donelson challenges the implementation of his

sentence, his claim would seem to be best viewed as challenging its execution, a claim

which is properly brought under § 2241.  See Woodall v. Fed. Bureau of Prisons, 432

F.3d 235, 242-43 (3d Cir. 2005) (noting "execution" means to put into effect or carry

out).

---

[1]Under § 3621(c), "[w]hen a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order, with the return endorsed thereon, shall be returned to the court that issued it."

Even if Donelson's claim should be brought under § 2241, his doing so here was an abuse of the writ because he raised the same claim in his earlier § 2241 proceeding. The Magistrate Judge did not discuss the claim in her report, but Donelson's remedy was to pursue the claim in his objections and then in a motion for reconsideration and/or on appeal. As noted above, Donselson filed an appeal but then withdrew it. Under 28 U.S.C. § 2244(a), he may not raise his claim again in another § 2241 petition. See Queen v. Miner, 530 F.3d 253, 254 (3d Cir. 2008) (per curiam) (holding the district court properly dismissed a § 2241 petition under § 2244(a) where the issues raised either had been, or could have been, decided in a previous action).[2]

Accordingly, as this appeal does not raise a substantial question, we will affirm the judgment of the District Court.

---

[2]Section 2244(a) provides: No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255. 28 U.S.C. § 2244(a).