**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2014
Decided May 23, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3083

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 12CR604-1 |
| SALVADOR FLORES-CAMPOS, *Defendant-Appellant.* | John F. Grady, *Judge.* |

**O R D E R**

Salvador Flores-Campos, a citizen of Mexico, pleaded guilty to unlawful presence in the United States after removal, *see* 8 U.S.C. § 1326(a), and was sentenced to 70 months' imprisonment. He filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed, plus the additional issue that Flores-Campos, disagreeing with counsel, believes has merit. *See* CIR. R. 51(b); *United States v. Bey*, --- F.3d ---, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by noting that Flores-Campos does not wish to challenge his guilty plea. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel then discusses whether Flores-Campos could raise a nonfrivolous challenge to his prison sentence and concludes that he could not. The defendant's sentence is at the bottom of the guidelines range of 70 to 87 months resulting from his Category V criminal history and total offense level of 21 (a base offense level of 8, *see* U.S.S.G. § 2L1.2(a), plus 16 levels because his removal followed a conviction for a crime of violence, *see id.* § 2L1.2(b)(1)(A)(ii), less 3 levels for acceptance of responsibility, *see id.* § 3E1.1). Counsel identifies no basis to question the correctness of this range, and thus Flores-Campos's within-guidelines sentence is presumed to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Marin-Castano*, 688 F.3d 899, 905 (7th Cir. 2012). Counsel has not identified any ground to rebut this presumption, nor have we. The district court considered Flores-Campos's argument that the 16-level upward adjustment for his removal after a crime of violence overstates the seriousness of this immigration offense, but rejected that argument after taking into account Flores-Campos's criminal history, his family ties to the United States, the likelihood that he will try again to enter the United States after removal, and the need for deterrence. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B).

In his Rule 51(b) response Flores-Campos proposes to contend on appeal that district courts lack subject-matter jurisdiction over crimes committed on land that the federal government does not own. This assertion is nonsense. Federal criminal law applies throughout the nation. *See United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001). Illegal reentry is a federal crime under § 1326(a), and district courts have jurisdiction over all federal prosecutions. 18 U.S.C. § 3231; *United States v. Rogers*, 270 F.3d 1076, 1078 (7th Cir. 2001).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.